CROWELL & MORING LLP
Valerie M. Goo (SBN 187334)
VGoo@crowell.com
Raija J. Horstman (SBN 277301)
RHorstman@crowell.com
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
Telephone:    213.622.4750
Facsimile:    213.622.2690

Christopher Cole (*pro hac vice pending*)
CCole@crowell.com
1001 Pennsylvania Avenue NW
Washington, DC 20004
Telephone:    202.624.2500
Facsimile:    202.628.5116

Attorneys for Defendant
MOLSON COORS BEVERAGE COMPANY and MOLSON COORS BEVERAGE COMPANY USA LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO

| | |
|---|---|
| JENNIFER MAREK and ISABELLE DWIGHT as individuals, on behalf of themselves, the general public and those similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>MOLSON COORS BEVERAGE COMPANY and MOLSON COORS BEVERAGE COMPANY USA LLC,<br><br>                    Defendants. | Case No. 21-cv-07174-WHO<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:          January 5, 2022<br>Time:          2:00 PM<br>Courtroom:     2<br><br>Action Filed:   September 16, 2021<br>FAC Filed:      October 8, 2021<br>Judge:          Hon. William H. Orrick<br><br>[Filed Concurrently with [Proposed] Order re Motion to Dismiss; Request for Judicial Notice; and [Proposed] Order re Request for Judicial Notice] |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................ 3

II.     STATEMENT OF FACTS ......................................................................................... 4

III.    STANDARD OF REVIEW ....................................................................................... 5

IV.     ARGUMENT .............................................................................................................. 6

        A.      Plaintiffs' State Law Claims are Preempted. .................................................. 6

        B.      The FDA Has Primary Jurisdiction for Plaintiffs' Claims. ................................... 10

        C.      Plaintiffs' Claims Fail to Allege Facts Demonstrating a Reasonable Consumer
                Would Be Materially Misled.................................................................................. 12

        D.      *Cel-Tech's* Safe Harbor Bars Plaintiffs' CLRA, FAL, and UCL Claims. ............. 17

        E.      Plaintiffs Fail to State a Claim Under the UCL's "Unlawful" Prong Because
                VIZZY's Labeling Does Not Violate the FDA's Fortification Policy.................. 18

        F.      Plaintiffs CLRA, FAL, UCL and Fraud Claims Failed to Meet the Heighted
                Pleading Standards of Rule 9. ............................................................................. 19

        G.      Plaintiffs' Duplicative Claim for Unjust Enrichment Fails.................................... 20

        H.      Plaintiffs Lack Standing to Seek Injunctive Relief. ............................................. 22

V.      LEAVE TO AMEND SHOULD BE DENIED ................................................................ 24

VI.     CONCLUSION........................................................................................................... 25

CROWELL
& MORING LLP
ATTORNEYS AT LAW

- i -

DEFENDANTS' NOT. OF MOT. & MOT. TO
DISMISS PL.'S FAC; MPA IN SUPPORT
THEREOF; CASE NO. 21-CV-07174-WHO

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*,
  275 F. Supp. 3d 910 (N.D. Ill. 2017) (*Parmesan Cheese*) ......................................... 13, 14, 16

*Ackerman v. Coca-Cola Co.*,
  No. CV-09-0395 (JG), 2010 WL 2925955 (E.D.N.Y. July 21, 2010) ............................ 10, 18

*Alvarez v. Chevron Corp.*,
  656 F.3d 925 (9th Cir. 2011) .................................................................................................. 17

*In re Apple & AT & T iPad Unlimited Data Plan Litig.*,
  802 F. Supp. 2d 1070 (N.D. Cal. 2011) ................................................................................. 22

*In re Apple Computer, Inc., Sec. Litig.*,
  No. C-01-3667 CW, 2003 WL 26111982 (N.D. Cal. Aug. 13, 2003) ................................... 24

*Arroyo v. Pfizer, Inc.*,
  N. C-12-4030 EMC, 2013 WL 415607 (N.D. Cal. Jan. 31, 2013) ........................................ 20

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................................................... 5, 12

*Astiana v. Hain Celestial Grp., Inc.*,
  783 F.3d 753 (9th Cir. 2015) .................................................................................................. 11

*Backus v. Gen. Mills, Inc.*,
  122 F. Supp. 3d 909 (N.D. Cal. 2015) .............................................................................. 11, 12

*Bates v. Dow Agrosciences LLC*,
  544 U.S. 431 (2005) ................................................................................................................. 7

*Bates v. United Parcel Serv., Inc.*,
  511 F.3d 974 (9th Cir. 2007) .................................................................................................. 22

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007). ......................................................................................................... 5, 12

*Borchenko v. L'Oreal USA, Inc.*,
  389 F. Supp. 3d 769 (C.D. Cal. 2019) ................................................................................. 7, 8

*Brazil v. Dole Food Co.*,
  935 F.Supp.2d 947 (N.D. Cal. 2013) ...................................................................................... 21

*Brown v. Miller Brewing Co.*,
  No. 1:12-CV-00605-REB, 2014 WL 201699 (D. Idaho Jan. 17, 2014) .......................... 13, 15

CROWELL
& MORING LLP
ATTORNEYS AT LAW

- ii -

DEFENDANTS' NOT. OF MOT. & MOT. TO
DISMISS PL.'S FAC; MPA IN SUPPORT
THEREOF; CASE NO. 21-CV-07174-WHO

*Bruesewitz v. Wyeth LLC,*
  131 S.Ct. 1068 (2011) ........................................................................................ 6, 7

*Bruner v. Anheuser–Busch, Inc.,*
  153 F.Supp.2d 1358 (S.D. Fla. 2001) .............................................................. 13, 15

*Carrea v. Dreyer's Grand Ice Cream, Inc.,*
  475 Fed. App'x 113 (9th Cir. Apr. 5, 2012) ................................................... 10, 16

*Cafasso, U.S. ex. rel. v. Gen. Dynamics C4 Sys., Inc.,*
  637 F. 3d 1047 (9th Cir. 2011) .......................................................................... 6, 19

*Chong v. Nestle Water North America, Inc.,*
  20-56373, 2021 WL 4938128 (9th Cir. Oct. 22, 2021) ................................... 14, 16

*Cimoli v. Alacer Corp.,*
  2021 WL 2711770 (N.D. Cal. July 1, 2021) ................................................... 23, 24

*City of Los Angeles v. Lyons,*
  461 U.S. 95 (1983) ................................................................................................. 22

*Clapper v. Amnesty Int'l,*
  568 U.S. 398 (2013) ............................................................................................... 22

*Colella v. Atkins Nutritionals, Inc.,*
  348 F. Supp. 3d 120 (E.D.N.Y. 2018) .................................................................... 12

*Cook v. MillerCoors, LLC,*
  829 F. Supp. 2d 1208 (M.D. Fla. 2011) .......................................................... 13, 15

*Cosgrove v. Oregon Chai, Inc.,*
  520 F. Supp. 3d 562 (S.D.N.Y. 2021) .................................................................... 24

*Cost Management Services v. Washington Natural Gas Co.,*
  99 F.3d 937 (9th Cir. 996) ...................................................................................... 11

*Davidson v. Kimberly-Clark Corp.,*
  889 F.3d 956 (9th Cir. 2018) ......................................................................... 5, 6, 19

*Decker v. GlenFed, Inc.,*
  42 F.3d 1541 (9th Cir. 1994) .................................................................................. 20

*Digital Commc'ns Network, Inc. v. AT & T Wireless Servs.,*
  63 F. Supp. 2d 1194 (C.D. Cal. 1999) .............................................................. 10, 11

*Ebner v. Fresh, Inc.,*
  838 F.3d 958 (9th Cir. 2016) .................................................................................. 13

*Exela Pharma Sciences, LLC v. Sandoz, Inc.,*
  486 F. Supp. 3d 1001 (W.D.N.C. 2020) ................................................................... 9

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-iii-

DEFENDANTS' NOT. OF MOT. & MOT. TO
DISMISS PL.'S FAC; MPA IN SUPPORT
THEREOF; CASE NO. 21-CV-07174-WHO

*Freeman v. Tiime, Inc.,*
   68 F.3d 285 (9th Cir. 1995)..................................................................................... 13

*Garrison v. Heublein, Inc.,*
   673 F.2d 189 (7th Cir. 1982)............................................................................ 13, 15

*Gitson v. Trader Joe's Co.,*
   No. 13-CV-01333-WHO, 2013 WL 5513711 (N.D. Cal. Oct. 4, 2013)............................ 6, 14

*Graham-Sult v. Clainos,*
   756 F.3d 724 (9th Cir. 2014)................................................................................... 20

*Greenberg v. Target Corp.,*
   985 F.3d 650 (9th Cir. Jan. 13, 2021) .................................................................. 7, 8

*Gudgel v. Clorox Co.,*
   514 F. Supp. 3d 1177 (N.D. Cal. 2021) ..................................................................... 21

*Hauck v. Advanced Micro Devices, Inc.,*
   No. 18-CV-00447-LHK, 2019 WL 1493356 (N.D. Cal. Apr. 4, 2019)................................ 24

*Ivie v. Kraft Foods Glob., Inc.,*
   No. C-12-02554-RMW, 2015 WL 183910 (N.D. Cal. Jan. 14, 2015).................................. 21

*Jones v. Coors Brewing Co.,*
   378 F. Supp. 3d 1132 (M.D. Fla. 2019) .............................................................. 13, 15

*Kane v. Chobani, Inc.,*
   No. 12-CV-02425-LHK, 2013 WL 5289253
   (N.D. Cal. Sept. 19, 2013) (Koh, J.).......................................................................... 5

*Kearns v. Ford Motor Co.,*
   567 F.3d 1120 (9th Cir. 2009)............................................................................. 5, 19

*In re Kind LLC "Healthy and All Natural" Litig.,*
   287 F. Supp. 3d 457 (S.D.N.Y. 2018)........................................................................ 12

*In re LinkedIn User Privacy Litig.,*
   932 F. Supp. 2d 1089 (N.D. Cal. 2013) ..................................................................... 22

*Low v. LinkedIn Corp.,*
   900 F. Supp. 2d 1010 (N.D. Cal. 2012) ..................................................................... 20

*Lugones v. Pete and Gerry's Organic, LLC,*
   440 F. Supp. 3d 226 (S.D.N.Y. 2020)........................................................................ 24

*Lujan v. Defs. of Wildlife,*
   504 U.S. 555 (1992)............................................................................................... 22

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-iv-

DEFENDANTS' NOT. OF MOT. & MOT. TO
DISMISS PL.'S FAC; MPA IN SUPPORT
THEREOF; CASE NO. 21-CV-07174-WHO

*Matic v. United States Nutrition, Inc.*,
 CV 18-9592 PSG, 2019 WL 3084335 (C.D. Cal. March 27, 2019) ...................................... 25

*Nuvo Rsch. Inc. v. McGrath*,
 No. C 11-4006 SBA, 2012 WL 1965870 (N.D. Cal. May 31, 2012) .................................... 21

*O'Shea v. Littleton*,
 414 U.S. 488 (1974) ........................................................................................................... 23

*Penermon v. Wells Fargo Bank, N.A.*,
 47 F. Supp. 3d 982 (N.D. Cal. 2014) ................................................................................. 18

*Pom Wonderful LLC v. Coca Cola Co.*,
 No. CV 08-06237 SJO MOX, 2013 WL 543361 (C.D. Cal. Feb. 13, 2003) ...................... 17

*Red v. Kraft Foods, Inc.*,
 2012 WL 5504011 (C.D.Cal. Oct. 25, 2012) ............................................................... 10, 16

*Riegel v. Medtronic, Inc.*,
 552 U.S. 312 (2008) .............................................................................................................. 7

*Robinson v. Anheuser Busch, Inc.*,
 No. CIV.A. 00-D-300-N, 2000 WL 35432556 (M.D. Ala. Aug. 1, 2000) ..................... 13, 15

*Robinson v. HSBC Bank USA*,
 732 F.Supp.2d 976 (N.D. Cal. 2010) ................................................................................. 21

*Rosal v. First Fed. Bank of California*,
 671 F. Supp. 2d 1111 (N.D. Cal. 2009) ............................................................................. 22

*Sebastian v. Kimberly-Clark Corp.*,
 No. 17CV442-WQH-JMA, 2017 WL 6497675 (S.D. Cal. Dec. 18, 2017) ......................... 11

*Shanks v. Jarrow Formulas, Inc.*,
 2019 WL 7905745 (C.D. Cal. Dec. 27, 2019) .................................................................... 23

*Silver v. BA Sports Nutrition, LLC*,
 No. 20-CV-00633-SI, 2020 WL 2992873 (N.D. Cal. June 4, 2020) ............................. 10, 18

*Somers v. Beiersdorf, Inc.*,
 467 F. Supp. 3d 934 (S.D. Cal. 2020) ............................................................................... 8, 9

*Susan B. Anthony List v. Driehaus*,
 573 U.S. 149 (2014) ........................................................................................................... 22

*Suzuki v. Hitachi Global Storage Techs., Inc.*,
 No. C06-07289, 2007 WL 2070263 (N.D. Cal. July 17, 2007) .......................................... 17

*Swafford v. Int'l Bus. Machines Corp.*,
 383 F. Supp. 3d 916 (N.D. Cal. 2019) ............................................................................... 19

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-v-

DEFENDANTS' NOT. OF MOT. & MOT. TO
DISMISS PL.'S FAC; MPA IN SUPPORT
THEREOF; CASE NO. 21-CV-07174-WHO

*Tae Youn Shim v. Lawler*,
    No. 17-CV-04920-EMC, 2019 WL 2996443 (N.D. Cal. July 9, 2019) ................................. 22

*Trazo v. Nestle USA, Inc.*,
    No. 5:12-CV-2272 PSG, 2013 WL 4083218 (N.D. Cal. Aug. 9, 2013) ................................. 6

*Turek v. General Mills*, *Inc.*,
    662 F.3d 423 (7th Cir. 2011)........................................................................................... 7

*Tutoki v. Celebreeze.*
    375 F.2d 105 (7th Cir. 1967)........................................................................................... 12

*United Food & Com. Workers Cent. Pennsylvania & Reg'l Health & Welfare Fund*
    *v. Amgen, Inc.*,
    400 F. App'x 255 (9th Cir. 2010) .................................................................................. 19

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003)................................................................................... 5, 19

*Williams v. Gerber Prod. Co.*,
    552 F.3d 934 (9th Cir. 2008)................................................................................. 12, 13

*Williamson v. Gen. Dynamics Corp.*,
    208 F.3d 1144 (9th Cir. 2000)........................................................................................ 6

**State Cases**

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
    20 Cal. 4th 163 (1999) ................................................................................................... 17

*Durell v. Sharp Healthcare*,
    183 Cal.App.4th 1350 (2010) ........................................................................................ 20

*Lavie v. Procter & Gamble Co.*,
    105 Cal. App. 4th 496 (2003) ........................................................................................ 13

*Melchior v. New Line Productions, Inc.*,
    106 Cal. App. 4th 779 (2003) ........................................................................................ 21

**Federal Statutes**

21 U.S.C. §§ 332-334.......................................................................................................... 7

21 U.S.C. §§ 343(q), 343(r), and 343-1(a)(5) ..................................................................... 7

27 U.S.C. § 215 ................................................................................................................... 16

California Business & Prof. Code §17200 ............................................................... *passim*

California Business & Prof. Code §17500 ............................................................... *passim*

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-vi-

DEFENDANTS' NOT. OF MOT. & MOT. TO
DISMISS PL.'S FAC; MPA IN SUPPORT
THEREOF; CASE NO. 21-CV-07174-WHO

Food, Drug, and Cosmetic Act ............................................................................. *passim*

Nutrition Labeling and Education Act, ......................................................... 1, 2, 7, 8

### State Statutes

California Consumers Legal Remedies Act ......................................................... *passim*

### Regulations

27 C.F.R. §16 ............................................................................................................ 16

21 C.F.R. §101.9(c)(8)(ii) ........................................................................................... 9

21 C.F.R. §§ 101.14(e) (6) ........................................................................................ 18

21 C.F.R. §101.54(g)) .................................................................................... 9, 14, 17

21 C.F.R. §104.20 ................................................................................................ 9, 18

### Other Authorities

Fed. R. Civ. P. Rule 8 .............................................................................................. 20

Fed. R. Civ. P.  Rule 9 ................................................................................... 2, 4, 19, 20

Fed. R. Civ. P. Rule 9(b) .............................................................................. 5, 6, 19, 20

Fed. R. Civ. P. Rule 12(b)(1) ......................................................................... 3, 22, 24

Fed. R. Civ. P. Rule 12(b)(6) ................................................................................ 2, 5, 6

Fed. R. Civ. P. Rule 12(f) .................................................................................. 3, 6, 22

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-vii-

DEFENDANTS' NOT. OF MOT. & MOT. TO
DISMISS PL.'S FAC; MPA IN SUPPORT
THEREOF; CASE NO. 21-CV-07174-WHO

1

<u>**NOTICE OF MOTION AND MOTION TO DISMISS**</u>

2

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

3

**PLEASE TAKE NOTICE** that on Wednesday, January 5, 2022 at 2:00 p.m. in

4

Courtroom 2 on the 17th Floor of the United States District Court, Northern District of California,

5

San Francisco, 450 Golden Gate Avenue, San Francisco, California 94102, Defendants Molson

6

Coors Beverage Company ("MCBC") and Molson Coors Beverage Company USA LLC

7

("Molson Coors")[1] will and do move this Court for an order dismissing Plaintiffs Jennifer

8

Marek's and Isabelle Dwight's (collectively, "Plaintiffs") First Amended Complaint ("FAC") in

9

its entirety, without leave to amend, under Federal Rules of Civil Procedure ("Rule") 12(b)(1) and

10

12(b)(6) on the following grounds:

11

1.      Plaintiffs' claims are preempted by the FDCA and NLEA, which permit Molson

12

Coors to disclose the ingredients of, and the amount of Vitamin C contained within, Vizzy Hard

13

Seltzer ("VIZZY"). In fact, applicable FDA regulations control the type of disclosure used by

14

Molson Coors for VIZZY's Antioxidant Vitamin C content.

15

2.      Plaintiffs' claims should be dismissed under the primary jurisdiction doctrine

16

because there is a pending letter to the FDA asking it to take enforcement action for the same

17

conduct alleged in the FAC.

18

3.      Plaintiffs fail to state a claim under the UCL's unlawful prong because VIZZY's

19

packaging does not violate the FDA's Fortification Policy.

20

4.      Plaintiffs fail to state a claim because no reasonable consumer would interpret the

21

statement "with Antioxidant Vitamin C from Acerola Superfruit" to mean that consuming VIZZY

22

hard seltzer is "healthy" or that the Vitamin C ingredient counteracts any deleterious health

23

effects of consuming alcohol.

24

5.      Plaintiffs' CLRA, FAL and UCL claims are barred by *Cel-Tech's* safe harbor.

25

26

27

28

---

[1] As set forth in MCBC's concurrently filed motion to dismiss for lack of personal jurisdiction, MCBC disputes that it is a proper party to this litigation, but MCBC joins in Molson Coors current motion to dismiss. Therefore, while the motion refers to Molson Coors singularly, the arguments are also asserted by MCBC.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

DEFENDANTS' NOT. OF MOT. & MOT. TO
DISMISS PL.'S FAC; MPA IN SUPPORT
THEREOF; CASE NO. 21-CV-07174-WHO

6.      Plaintiffs' CLRA, FAL, UCL and common law fraud claims should be dismissed for failure to meet the heighted pleading standards of Rule 9.

7.      Plaintiffs fail to state a claim for unjust enrichment because it is not a standalone claim under California law and is duplicative.

8.      Plaintiffs lack standing to seek injunctive relief (FAC, Prayer for Relief ¶ B) because Plaintiffs fail to allege future harm.

9.      The injunctive relief sought by Plaintiffs—namely reformulation of VIZZY to remove Vitamin C (*see* FAC ¶¶ 72, 78)—is beyond the scope of any legally cognizable remedy under the causes of action pled. Moreover, the Plaintiffs lack standing to pursue such relief.

This Motion is based on this Notice of Motion and Motion, the accompanying memorandum, the concurrently filed Request for Judicial Notice, the concurrently filed [Proposed] Order, and such other documents and information that the Court may consider.

## STATEMENT OF ISSUES

1.      Whether, under Rule 12(b)(6), Plaintiffs' claims are preempted by the FDCA and NLEA.

2.      Whether, under Rule (12)(b)(6), the court should dismiss, or alternatively stay, Plaintiffs' Complaint because the FDA has primary jurisdiction.

3.      Whether, under Rule 12(b)(6), the court should dismiss Plaintiffs' CLRA, FAL, UCL and fraud claims because no reasonable consumer would interpret the statement "with Vitamin C from Acerola Superfruit" to mean that excessively consuming this brand of alcoholic beverages is "healthy" (in contradiction to the Surgeon General's Warning) or that consuming the product's Vitamin C will counteract any deleterious effects of alcohol consumption, because they are barred by *Cel-Tech's* safe harbor, because VIZZY's labeling does not violate any law and because Plaintiffs failed to meet the heightened pleading standards of Rule 9.

4.      Whether, under Rule 12(b)(6), the court should dismiss Plaintiffs' unjust enrichment claim because it is not a standalone claim under California law and merely duplicates Plaintiffs' other claims.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-

DEFENDANTS' NOT. OF MOT. & MOT. TO
DISMISS PL.'S FAC; MPA IN SUPPORT
THEREOF; CASE NO. 21-CV-07174-WHO

5.      Whether, under Rule 12(f) and 12(b)(1) the Court should strike Plaintiffs' request for injunctive relief (FAC, Prayer for Relief ¶ B) and any reference or request to reformulate VIZZY to remove any Vitamin C for lack of standing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

The Vitamin C statements that Plaintiffs complain of are all true, not misleading, and comply with federal and state law. Federal law permits Molson Coors to include fruit juice in its recipe for VIZZY, and where the juice happens to contain an appreciable amount of Vitamin C (in this case, at least 20% of the recommended daily value), to call out that ingredient on its label as "antioxidant Vitamin C." There is no merit to Plaintiffs' FAC, which should be dismissed with prejudice.

Instead, Plaintiffs' FAC is a thinly veiled, backdoor attempt to impose Plaintiffs' legally incorrect views of what federal nutrition labeling laws supposedly require of hard seltzer labeling, where the federal law itself provides them with no such remedy. And, ironically, Plaintiffs' FAC seeks to misconstrue state consumer protection laws to *remove* truthful information, which is expressly permitted by federal law, from the product label, thereby providing consumers with *less* truthful information, not more.

Plaintiffs' principal contention, underpinning their entire FAC, is that VIZZY's label's truthful statement that VIZZY contains "antioxidant Vitamin C" from one of its ingredients, acerola cherry juice, is illegal under federal food and drug law, and hence state law as well. The theory is not only legally wrong, as federal law does not prohibit VIZZY from calling out Vitamin C from juice, it is also factually implausible. Plaintiffs have not alleged that any statement is false, and no reasonable consumer would be misled by VIZZY's label that properly reports the amount of Vitamin C, clearly states "contains alcohol," and also includes the federally mandated Surgeon General's warning. No reasonable consumer thinks drinking a hard seltzer is

healthy or is the same as eating a piece of fruit. Rather, Plaintiffs' theory derives from a legally-flawed theory that the FDA expressly prohibits any alcoholic beverage regulated by the FDA from calling out vitamin content. They are wrong, and accordingly, their theory of consumer deception collapses as well.

Plaintiffs also did not comply with Rule 9 pleading requirements and have no standing to seek injunctive relief. Simply put, there is no merit to Plaintiffs' FAC, which should be dismissed in its entirety with prejudice.

## II.  STATEMENT OF FACTS[2]

This case involves a hard seltzer sold by Molson Coors called VIZZY. Every VIZZY can and outer carton bears a label clearly labeling VIZZY as a "hard seltzer," which is an alcoholic beverage. FAC ¶¶ 16-18. The can and carton also clearly state that it contains alcohol and the percentage of alcohol by volume. *Id.* at ¶ 18. The label also bears the prominent statement, "with ANTIOXIDANT VITAMIN C", and immediately beneath that, "FROM ACEROLA SUPERFRUIT." *Id*. The rear label of each can and package of VIZZY has a Nutrition Facts panel that contains basic nutrition facts in the format prescribed by FDA. *See* concurrently filed Request for Judicial Notice ("RJN"), Ex. A. Each can includes an Ingredients List. *Id*. And each can includes the federally mandated Surgeon General's warning regarding the consumption of alcohol. *Id.*; *see also* FAC ¶ 22.

For example, the Ingredients List specifies that the product contains, among other things, "natural flavor" and "dried acerola cherry juice." RJN, Ex. A. The Nutrition Facts panel discloses that one serving of the beverage, which is an entire can, contains 18 mg of Vitamin C, equivalent to 20% of the FDA recommended daily value. FAC ¶ 31.

Nothing in Plaintiffs' FAC contends that the Ingredients List is factually false or misstates the actual ingredients. Nor do Plaintiffs allege that the Nutrition Facts panel misstates the amount of Vitamin C in the product. In other words, Plaintiffs do not contend that any consumer who

---

[2] The facts alleged in the FAC are taken as true for purposes of this motion only.

1   purchases VIZZY does not receive exactly what is described on its label: a hard seltzer beverage

2   with 18 mg of Vitamin C from dried acerola cherry juice.

3        Nevertheless, Plaintiffs' FAC, brought on behalf of California consumers, alleges that the

4   expressly truthful statements are unlawful under federal food and drug law, and hence also the

5   California Consumers Legal Remedies Act ("CLRA"), California Business & Prof. Code §17500

6   ("FAL"), California Business & Prof. Code §17200 ("UCL"), and various state common law

7   theories. Plaintiffs' various causes of action are inextricably tied to the same legally flawed,

8   implausible allegations that Molson Coors' VIZZY label violates FDA regulations regarding

9   vitamin "fortification" of alcoholic beverages. But, VIZZY is not "fortified" under FDA rules; its

10   label and advertising comply and indeed, make truthful claims that are informative to consumers.

11   There is no plausible basis for deception alleged.

12   **III.   <u>STANDARD OF REVIEW</u>**

13        Rule 12(b)(6) requires that a claim be dismissed if it fails "to state a claim upon which

14   relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff must plead "enough facts to state a

15   claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570. "A

16   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

17   the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

18   556 U.S. 662, 678 (2009). The "sheer possibility that a defendant has acted unlawfully" is

19   insufficient to survive a motion to dismiss. *Id*. Failure to meet this standard warrants dismissal

20   pursuant to Rule 12(b)(6). *Kane v. Chobani, Inc.*, No. 12-CV-02425-LHK, 2013 WL 5289253, at

21   *4 (N.D. Cal. Sept. 19, 2013) (Koh, J.).

22        Further, common law fraud claims as well as CLRA, FAL, and UCL claims grounded in

23   fraud must satisfy the heightened pleading standards of Rule 9(b). *Davidson v. Kimberly-Clark*

24   *Corp.*, 889 F.3d 956, 964 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 640 (2018) (finding that

25   plaintiff's CLRA, FAL, and UCL causes of action grounded in fraud must satisfy the heightened

26   pleading requirements of Rule 9(b)) (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th

27   Cir. 2009)); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106–08 (9th Cir. 2003) (finding that

28   Rule 9(b) applied to plaintiff's CLRA, FAL and UCL causes of action against a particular

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-5-

DEFENDANTS' NOT. OF MOT. & MOT. TO
DISMISS PL.'S FAC; MPA IN SUPPORT
THEREOF; CASE NO. 21-CV-07174-WHO

defendant and dismissing the Complaint as to that defendant). "In alleging fraud . . . a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "To properly plead fraud with particularity under Rule 9(b), 'a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false.'" *Davidson*, 889 F.3d at 964 (quoting *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)).

Under Rule 12(f) a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Striking a complaint avoids the expenditure of time and money from litigating spurious issues by dispensing of those issues before trial. *Gitson v. Trader Joe's Co.*, No. 13-CV-01333-WHO, 2013 WL 5513711, at *3 (N.D. Cal. Oct. 4, 2013) (striking allegations that have no bearing on the action). "As with motions to dismiss, when ruling on a motion to strike, the Court takes the plaintiff's allegations as true and must liberally construe the complaint in the light most favorable to the plaintiff." *Id.* (citation omitted).

## IV. <u>ARGUMENT</u>

### A. **Plaintiffs' State Law Claims are Preempted.**

Federal law allows brewers to use fruit juice, which typically contains vitamins, in the recipes for their alcoholic beverages. In seeking a drastic injunction that would in part require VIZZY to remove Vitamin C entirely, however, Plaintiffs allege that the mere truthful *disclosure* of the vitamin content contained in an ingredient (here, fruit juice) in an alcoholic beverage is illegal under federal law. This view is legally incorrect and illogical, and their state law claims predicated on this basis are preempted by federal law.

Preemption is properly addressed under Fed. R. Civ. P. 12(b)(6) and as an affirmative defense. *See, e.g., Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000); *Trazo v. Nestle USA, Inc.*, No. 5:12-CV-2272 PSG, 2013 WL 4083218, at *6 (N.D. Cal. Aug. 9, 2013), *on reconsideration*, 113 F. Supp. 3d 1047 (N.D. Cal. 2015) (citing *Bruesewitz v. Wyeth*

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-6-

DEFENDANTS' NOT. OF MOT. & MOT. TO
DISMISS PL.'S FAC; MPA IN SUPPORT
THEREOF; CASE NO. 21-CV-07174-WHO

*LLC,* 131 S.Ct. 1068, 1087 n.2 (2011)). Fermented sugar-based hard seltzers, like VIZZY, are regulated by the FDA. FAC, n. 12 (citing 27 CFR Part 7). Under the Food, Drug, and Cosmetic Act ("FDCA"), the FDA regulates certain aspects of food safety and labeling, including that of certain hard seltzers. In 1990, Congress enacted the Nutrition Labeling and Education Act, Pub. L. No. 101-535, 104 Stat. 2353, 2364 (1990) (NLEA), codified as part of the FDCA, to augment the FDA's authority over food labeling. Among other things, the NLEA requires that nutrition labeling be placed on most packaged food, prohibits the use of terms that characterize the level of nutrients in a food unless they conform to definitions established by the FDA, and ensures that claims about the relationship between nutrients and health conditions are supported by significant scientific evidence. The FDA has comprehensive authority to address violations of NLEA requirements by exercising its power under the FDCA to initiate enforcement proceedings against manufacturers of misbranded food. 21 U.S.C. §§ 332-334; *see also id.* § 343 (defining "misbranded").

Plaintiffs' claims are preempted by the FDCA as amended by the NLEA. *See Borchenko v. L'Oreal USA, Inc*., 389 F. Supp. 3d 769, 773 (C.D. Cal. 2019), appeal dismissed, No. 19-55971, 2020 WL 4877519 (9th Cir. May 13, 2020); *Turek v. General Mills*, *Inc.,* 662 F.3d 423, 426 (7th Cir. 2011). Specifically, 21 U.S.C. §§ 343(q), 343(r), and 343-1(a)(5) together forbid states from imposing "any requirement respecting any claim of the type described in section 343(r)(1) [of the FDCA] . . . made in the label or labeling of food that is not identical to the requirement of section 343(r)[.]." *Greenberg v. Target Corp.*, 985 F.3d 650, 655 (9th Cir. Jan. 13, 2021); *Turek,* 662 F.3d at 426. Further, federal requirements that preempt state law requirements also preempt common law duties. *Riegel v. Medtronic, Inc.,* 552 U.S. 312, 324 (2008) (citing *Bates v. Dow Agrosciences LLC,* 544 U.S. 431 (2005)). "The state thus can impose the identical requirement or requirements, and by doing so be enabled, because of the narrow scope of the

preemption provision in the Nutrition Labeling and Education Act, to enforce a violation of the Act as a violation of state law." *Cf. Greenberg*, 985 F.3d, 657 (affirming summary judgment to the defendants because plaintiff's state law claims amounted to an imposition of different standards from the FDCA and were preempted by federal law that allowed the challenged structure/function claim).

The FAC is simply an impermissible attempt to enforce Plaintiffs' legally incorrect view of what the FDA regulations require. Plaintiffs' allegations largely copy those set forth in a document entitled "Vizzy Enforcement Letter," filed with the FDA by two activist groups in March 2021. *See* https://cspinet.org/resource/letter-fda-re-enforcement-action-vizzy-hard-seltzer. That letter asks FDA to investigate VIZZY's labeling and advertising for alleged violations of the FDA "Fortification Policy," discussed below.

Plaintiffs claim that "Defendants' representations 'with Vitamin C Antioxidant from Acerola Superfruit' mislead reasonable consumers into believing that the antioxidant content of the Products provides health benefits." FAC ¶ 37. They also allege that VIZZY's labeling implies that "the Products are a healthful source of nutrients[.]" FAC ¶ 54. This is not a reasonable interpretation.

There can be no state law cause of action if a plaintiffs' "true goal is to privately enforce alleged violations of the FDCA." *See, e.g., Borchenko v. L'Oreal USA, Inc*., 389 F. Supp. 3d 769, 773 (C.D. Cal. 2019), *appeal dismissed*, No. 19-55971, 2020 WL 4877519, at *1 (9th Cir. May 13, 2020); *see also, Somers v. Beiersdorf, Inc*., 467 F. Supp. 3d 934, 939–40 (S.D. Cal. 2020), *aff'd* on other grounds, 847 F. App'x 456 (9th Cir. 2021) (holding that "no matter how Plaintiff couches her argument, her complaint is an attempt to privately enforce the FDCA" and granting summary judgement in favor of defendant). The test for determining whether a state law claim is preempted under this doctrine is whether or not the claim would exist in the absence of

the FDCA. *Exela Pharma Sciences, LLC v. Sandoz, Inc.*, 486 F. Supp. 3d 1001, 1012 (W.D.N.C. 2020); *see also Somers*, 467 F. Supp. 3d at 939–40 ("the [FDCA's] public enforcement mechanism is thwarted if savvy plaintiffs can label as arising under a state law for which there exists a private enforcement mechanism a claim that in substance seeks to enforce the FDCA." (internal citation omitted)).

The VIZZY product is not "fortified" under federal law. It does not claim to be "fortified" or "enriched" and the Vitamin C is not added as a discrete chemical additive, but rather is contained in an ingredient in the recipe, namely cherry juice. The fact that Vitamin C is from acerola cherry juice is expressly stated on the label and in the ingredient panel. The Plaintiffs do not allege that the label is literally untrue in its description of the source or amount of Vitamin C in the product. Rather, they implausibly allege that the mere callout on the front label that the product contains antioxidant Vitamin C, which is expressly permitted on the front panel (21 C.F.R. §101.54(g)) and on the Nutrition Facts Panel ((21 C.F.R. §101.9(c)(8)(ii)), should not be permitted because it implies a health benefit.

Because VIZZY is not "fortified" within the meaning of federal law, the FDA Fortification Policy,[3] on which plaintiffs' rely extensively, does not prohibit Molson Coors from including acerola cherry juice, which contains Vitamin C, as an ingredient in VIZZY or from truthfully stating on the front and back panels that the product contains Vitamin C from that cherry juice. *See, e.g.,* FAC ¶ 17. Indeed, the FAC expressly admits that the Vitamin C in VIZZY comes from dried acerola juice and does not allege that Vitamin C is added through any other source. *Id.* ¶ 43.

---

[3] The FDA "Fortification Policy," codified at 21 C.F.R. §104.20, *et seq.,* and which Plaintiffs seek to enforce through the FAC, is colloquially known as the "jellybean rule."

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-9-

DEFENDANTS' NOT. OF MOT. & MOT. TO
DISMISS PL.'S FAC; MPA IN SUPPORT
THEREOF; CASE NO. 21-CV-07174-WHO

"The [Fortification Policy] poses no bar to nutrient-content claims generally; it is applicable only to (1) health claims; and (2) nutrient-content claims that use the word 'healthy' to suggest that a food because of its nutrient content may help consumers maintain healthy dietary practices." *Ackerman*, 2010 WL 2925955, at *9; *see e.g.*, *Silver v. BA Sports Nutrition, LLC*, No. 20-CV-00633-SI, 2020 WL 2992873, at *9 (N.D. Cal. June 4, 2020) (holding that FDA's Fortification Policy did not apply where defendants' label did not use any of the terms listed in the regulations and plaintiffs conceded defendants did not make "'health' based implied nutrient content claims[.]"). VIZZY does not use these terms. VIZZY makes no express or implied health claims for Vitamin C. *See Silver v. BA Sports Nutrition, LLC,* No. 20-CV-00633-SI, 2020 WL 2992873, at *8 (N.D. Cal. June 4, 2020) (holding a reasonable consumer would not be misled into thinking that simply because the label states that it contains vitamins, that this necessarily means anything about the overall health benefits of the product).[4] Plaintiffs' argument that state law provides a cause of action for an alleged violation is preempted and should be dismissed.

## B.  The FDA Has Primary Jurisdiction for Plaintiffs' Claims.

Primary jurisdiction is a prudential doctrine that seeks to "promot[e] proper relationships between the courts and administrative agencies charged with particular regulatory duties." *Digital Commc'ns Network, Inc. v. AT & T Wireless Servs.*, 63 F. Supp. 2d 1194, 1197 (C.D. Cal. 1999). Under the primary jurisdiction doctrine courts are permitted to determine "that an otherwise

---

[4] *See also Red v. Kraft Foods, Inc*., 2012 WL 5504011, at *3 (C.D.Cal. Oct. 25, 2012) (granting defendant's motion to dismiss and concluding that packaging that claims that crackers are made with "real vegetables" and depicts images of vegetables is not likely to mislead consumers into believing that the product is healthy and contains a "significant amount" of vegetables); *Carrea v. Dreyer's Grand Ice Cream, Inc.,* 475 Fed. App'x 113, 115 (9th Cir. Apr. 5, 2012) (affirming dismissal with prejudice of UCL claim because "it is implausible that a reasonable consumer would interpret 'Original Sundae Cone,' 'Original Vanilla,' and 'Classic,' to imply that Drumstick is more wholesome or nutritious than competing products" and "it strains credulity to claim that a reasonable consumer would be misled to think that an ice cream dessert . . . is healthier than its competitors simply by virtue of these . . . descriptors.").

cognizable claim implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judicial branch." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 760 (9th Cir. 2015). The doctrine is useful where "a claim is cognizable in federal court but requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency." *Backus v. Gen. Mills, Inc.*, 122 F. Supp. 3d 909, 933 (N.D. Cal. 2015).

Although no fixed formula exists for applying the doctrine of primary jurisdiction, the Ninth Circuit has considered the following factors:

> (1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory scheme that (4) requires expertise or uniformity in administration.

*Digital Commc'ns Network, Inc. v. AT & T Wireless Servs.*, 63 F. Supp. 2d 1194, 1197 (C.D. Cal. 1999) (citing *Cost Management Services v. Washington Natural Gas Co.*, 99 F.3d 937, 949 (9th Cir.1996)). "Under [Ninth Circuit] precedent, 'efficiency' is the 'deciding factor' in whether to invoke primary jurisdiction." *Sebastian v. Kimberly-Clark Corp.*, No. 17CV442-WQH-JMA, 2017 WL 6497675, at *11 (S.D. Cal. Dec. 18, 2017) (citation omitted).

Here, the FDA has expressly authorized the voluntary disclosure of Vitamin C content, but there is nevertheless a pending letter before the FDA asking it to take enforcement action against Molson Coors for the same conduct alleged in the FAC. *See* https://cspinet.org/resource/letter-fda-re-enforcement-action-vizzy-hard-seltzer. The issues raised in the letter implicate alcohol beverage labeling generally and are broader than just the VIZZY label. Because of the potential that the FDA would take action based on regulatory priorities affecting the entire hard seltzer beverage category, this court should dismiss the FAC in deference to FDA action. *See e.g., Astiana*, 783 F.3d at 761 (affirming dismissal where the FDA had primary jurisdiction because plaintiff sent a petition to the FDA for the same conduct alleged in

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-11-

DEFENDANTS' NOT. OF MOT. & MOT. TO
DISMISS PL.'S FAC; MPA IN SUPPORT
THEREOF; CASE NO. 21-CV-07174-WHO

the complaint (though it was procedurally improper) and because determining what chemical compounds may be advertised as natural on cosmetic product labels is "a particularly complicated issue that Congress has committed to" the FDA); *Tutoki*, 375 F.2d 105 (affirming dismissal where the FDA had primary jurisdiction to determine prohibition of interstate trade of a drug); *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 120 (E.D.N.Y. 2018) (dismissing claims where the FDA had primary jurisdiction to decide what calculation methods manufacturers may use to label their products).

At the very least, the Court should stay or dismiss pending the FDA's resolution of the pending inquiry. *See Backus v. Gen. Mills, Inc.*, 122 F. Supp. 3d 909, 935 (N.D. Cal. 2015) (granting motion to stay pending the FDA's determination of the food additive status of partially hydrogenated vegetable oils); *In re Kind LLC "Healthy and All Natural" Litig.*, 287 F. Supp. 3d 457 (S.D.N.Y. 2018) (staying false advertising claims pending work by FDA and USDA). Were the court to rule on these matters now before the FDA, it would risk contradicting the expert agency tasked with federal public health oversight and disrupt a federal regulatory program embodied in the Fortification Policy.

### C.      Plaintiffs' Claims Fail to Allege Facts Demonstrating a Reasonable Consumer Would Be Materially Misled.

"To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Plaintiffs' claims are governed by the "reasonable consumer" test. *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Here, Plaintiffs' claims fail because they do not plausibly allege that reasonable consumers would have understood VIZZY's representations "with Vitamin C Antioxidant from Acerola Superfruit" to mean that the products provide "health benefits" or that they are a "healthful source of nutrients." (FAC ¶¶ 37, 54, 58, 61 92, 99, 119). No reasonable

consumer would have interpreted "with Vitamin C Antioxidant from Acerola Superfruit" to mean that alcoholic beverages are healthy, particularly in connection with an alcoholic beverage that carries the mandatory Surgeon General warning.[5]

Whether a practice is false or misleading under the CLRA, FAL, and UCL is determined by "show[ing] that 'members of the public are likely to be deceived.'" *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (quoting *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)). This requires more than a mere possibility that a label "might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003). Rather, the reasonable consumer standard requires a probability "that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016); *In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 275 F. Supp. 3d 910, 922-23 (N.D. Ill. 2017) (*Parmesan Cheese*) (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016)). "Where a plaintiff contends that certain aspects

---

[5] Consumers are well aware of the health risks of drinking alcohol. *Jones v. Coors Brewing Co.*, 378 F. Supp. 3d 1132, 1134 (M.D. Fla. 2019) ("Because the dangers associated with alcohol consumption are very well known, courts have usually found that alcohol manufacturers and retailers do not have a duty to warn consumers about the risks posed by the excessive use, or prolonged use of alcohol.")(citation omitted); *Brown v. Miller Brewing Co.*, No. 1:12-CV-00605-REB, 2014 WL 201699, at *2 (D. Idaho Jan. 17, 2014) ("it is commonly known to the public that alcohol poses an obvious danger—encompassing many different subcategories of danger—to those who choose to consume it."); *Cook v. MillerCoors, LLC*, 829 F. Supp. 2d 1208, 1214 (M.D. Fla. 2011) ("Because the dangers associated with alcohol consumption are very well known, courts have usually found that alcohol manufacturers and retailers do not have a duty to warn consumers about the risks posed by the excessive use, or prolonged use of alcohol because those risks are common knowledge.")(citation omitted); *Robinson v. Anheuser Busch, Inc.*, No. CIV.A. 00-D-300-N, 2000 WL 35432556, at *2 (M.D. Ala. Aug. 1, 2000) ("Because the dangers associated with alcohol consumption are very well known, courts have usually found that alcohol manufacturers and retailers do not have a duty to warn consumers about the risks posed by the excessive use, or prolonged use of alcohol because those risks are considered common knowledge."); *see also Bruner v. Anheuser–Busch, Inc.*, 153 F.Supp.2d 1358 (S.D. Fla. 2001) (finding no duty to warn because "the dangers inherent in alcohol consumption are well known to the public"); *Garrison v. Heublein, Inc.*, 673 F.2d 189 (7th Cir. 1982) (holding no duty to warn consumers of common "propensities" of alcohol because of the common knowledge of reasonable consumers).

CROWELL & MORING LLP
ATTORNEYS AT LAW

of a product's packaging are misleading in isolation, but an ingredient label or other disclaimer would dispel any confusion, the crucial issue is whether the misleading content is ambiguous; if so, context can cure the ambiguity and defeat the claim, but if not, then context will not cure the deception and the claim may proceed." *Parmesan Cheese*, 275 F. Supp. at 922.

Plaintiffs' claims on behalf of the class for violations of CLRA, FAL and UCL fail because they do not plausibly allege conduct that would have misled reasonable consumers. *See Chong v. Nestle Water North America, Inc.*, 20-56373, 2021 WL 4938128 (9th Cir. Oct. 22, 2021) (affirming dismissal because plaintiff's interpretation of the truthful label was not reasonable). Indeed, the front of the VIZZY can and packaging does not say anything different than what is allowed to be included on the back of the can; moreover, the front of the package complies with 21 C.F.R. §101.54(g) ("Nutrient content claims using the term 'antioxidant.'"). "'[W]here a court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate.'" *Gitson v. Trader Joe's Co.*, No. 13-CV-01333-WHO, 2013 WL 5513711, at *6 (N.D. Cal. Oct. 4, 2013) (citation omitted).

VIZZY does not expressly claim, nor reasonably imply, that it is "healthy" by virtue of containing Vitamin C. No reasonable consumer would understand the label to imply that VIZZY is "healthy," especially when viewing the representations as a whole, as the law requires. *Parmesan Cheese*, 275 F. Supp. 3d at 921 (noting that the court must look to "the totality of the information made available to the plaintiff."); *see also Gitson*, 2013 WL 5513711 at *7 (dismissing claims because no reasonable consumer would be deceived when considering the packaging as a whole). Here, the packaging expressly asserts that VIZZY is a "hard seltzer," "contains alcohol," (FAC ¶ 18), and the label includes the federally mandated Surgeon General's warning explicitly stating "GOVERNMENT WARNING: (1) According to the Surgeon General, women should not drink alcoholic beverages during pregnancy because of the risk of birth

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-14-

DEFENDANTS' NOT. OF MOT. & MOT. TO
DISMISS PL.'S FAC; MPA IN SUPPORT
THEREOF; CASE NO. 21-CV-07174-WHO

defects. (2) Consumption of alcoholic beverages impairs your ability to drive a car or operate machinery, and may cause health problems." (*See* FAC ¶ 23).

Plaintiffs' conclusory assertion that the label conveys the implied claim "that alcoholic beverages could be healthful sources of nutrients" is unreasonable. In the abstract, the term "healthful" or "healthy" is inherently ambiguous. But a reasonable consumer is well aware that alcohol is not "healthy" given the decades of public teachings about alcohol and the Surgeon General warnings provided on each can. *Jones v. Coors Brewing Co.,* 378 F. Supp. 3d 1132, 1134 (M.D. Fla. 2019) ("Because the dangers associated with alcohol consumption are very well known, courts have usually found that alcohol manufacturers and retailers do not have a duty to warn consumers about the risks posed by the excessive use, or prolonged use of alcohol.")(citation omitted); *Brown v. Miller Brewing Co.,* No. 1:12-CV-00605-REB, 2014 WL 201699, at *2 (D. Idaho Jan. 17, 2014) ("it is commonly known to the public that alcohol poses an obvious danger—encompassing many different subcategories of danger—to those who choose to consume it.").[6] It is simply unreasonable to expect a consumer to disregard all common knowledge of the dangers of alcohol consumption such that she or he would misconstrue the mere words, "with antioxidant Vitamin C," to mean that VIZZY, an alcoholic beverage, is "healthy," *i.e.,* beneficial to one's physical well-being, especially when that language is accompanied by a

---

[6] *See also Cook v. MillerCoors, LLC,* 829 F. Supp. 2d 1208, 1214 (M.D. Fla. 2011) ("Because the dangers associated with alcohol consumption are very well known, courts have usually found that alcohol manufacturers and retailers do not have a duty to warn consumers about the risks posed by the excessive use, or prolonged use of alcohol because those risks are common knowledge.")(citation omitted); *Robinson v. Anheuser Busch, Inc.,* No. CIV.A. 00-D-300-N, 2000 WL 35432556, at *2 (M.D. Ala. Aug. 1, 2000) ("Because the dangers associated with alcohol consumption are very well known, courts have usually found that alcohol manufacturers and retailers do not have a duty to warn consumers about the risks posed by the excessive use, or prolonged use of alcohol because those risks are considered common knowledge."); *see also Bruner v. Anheuser–Busch, Inc.,* 153 F.Supp.2d 1358 (S.D. Fla. 2001) (finding no duty to warn because "the dangers inherent in alcohol consumption are well known to the public"); *Garrison v. Heublein, Inc.,* 673 F.2d 189 (7th Cir. 1982) (holding no duty to warn consumers of common "propensities" of alcohol because of the common knowledge of reasonable consumers).

specific warning that the "consumption of alcoholic beverages . . . may cause health problems."

27 U.S.C. § 215; *see also Parmesan Cheese*, 275 F. Supp. 3d at 923 (granting motion to dismiss

in part because the phrase "100% Grated Parmesan Cheese" was susceptible to many meanings

such that the label was not deceptive because reasonable consumers "need more information

before concluding that the labels promised only cheese and nothing more" and they would know

to look at the ingredient list).

A reasonable consumer is aware that alcohol is not healthy. Indeed, the Surgeon General's

warning label has been required on all alcoholic beverages since 1989. *See* 27 C.F.R. §16. "[A]

number of courts have dismissed UCL claims . . . especially where . . . the claim alleges that a

consumer will read a true statement on a package and will then disregard 'well-known facts of

life' and assume things about the products *other than* what the statement actually says." *Red v.*

*Kraft Foods, Inc.*, No. CV 10-1028-GW AGRX, 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25,

2012); *see also, Carrea v. Dreyer's Grand Ice Cream, Inc.,* 475 Fed. App'x 113, 115 (9th Cir.

Apr. 5, 2012) (affirming dismissal with prejudice of a UCL claim because "it is implausible that a

reasonable consumer would interpret 'Original Sundae Cone,' 'Original Vanilla,' and 'Classic,'

to imply that Drumstick is more wholesome or nutritious than competing products" and because

"it strains credulity to claim that a reasonable consumer would be misled to think that an ice

cream dessert . . . is healthier than its competitors simply by virtue of these . . . descriptors.").

Plaintiffs do not provide any support for their strained interpretation that a reasonable consumer

would interpret "with Vitamin C Antioxidant from Acerola Superfruit" to mean VIZZY was

"healthy," despite the fact that it contains alcohol and the Surgeon General's warning. It is not

reasonable to assume that an alcoholic beverage is transformed into a "healthy" drink simply

because it contains Vitamin C. *See Chong v. Nestle Water North America, Inc.*, 20-56373, 2021

WL 4938128 (9th Cir. Oct. 22, 2021) (affirming dismissal because plaintiff's interpretation of the

truthful label was not reasonable).

### D. *Cel-Tech's* Safe Harbor Bars Plaintiffs' CLRA, FAL, and UCL Claims.

Plaintiffs' CLRA, FAL, and UCL should also be dismissed because none of these statutes authorizes a claim for relief when specific legislation provides a "safe harbor" for the conduct at issue. *See Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) ("When specific legislation provides a 'safe harbor,' plaintiffs may not use the general unfair competition law to assault that harbor."). When the legislature has clearly permitted certain conduct, courts may not override that determination. *See id*. at 182-83. Thus, when a claim for violation of the CLRA, FAL, and/or UCL is based on conduct expressly permitted by another law, the claim is barred. *See, e.g., Alvarez v. Chevron Corp.*, 656 F.3d 925, 931 (9th Cir. 2011) (affirming dismissal of UCL and CLRA claims because conduct was "clearly permitted" by California law).

As discussed above, the FDCA "clearly permit[s]" the representations on VIZZY's labeling. *See* 21 C.F.R. §101.54(g). As such, the FDCA provides a safe harbor for the conduct Plaintiffs allege violates the CLRA, FAL, and UCL. *See, e.g., Pom Wonderful LLC v. Coca Cola Co.*, No. CV 08-06237 SJO FMOX, 2013 WL 543361, at *5 (C.D. Cal. Feb. 13, 2013) (safe harbor doctrine provides a "separate and independent basis" for dismissal because defendant "complied with the relevant FDA regulations"); *Suzuki v. Hitachi Global Storage Techs., Inc.*, No. C06-07289, 2007 WL 2070263, at *4 (N.D. Cal. July 17, 2007) ("[D]efendant's use of the decimal standard [as opposed to binary standard] on its product packaging was clearly permitted by the legislature, thus bringing it within the safe harbor doctrine of *Cel-Tech*."). By complying with federal law, Defendants cannot violate state law. Accordingly, Plaintiffs' CLRA, FAL, and UCL should also be dismissed under *Cel-Tech*.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-17-

DEFENDANTS' NOT. OF MOT. & MOT. TO
DISMISS PL.'S FAC; MPA IN SUPPORT
THEREOF; CASE NO. 21-CV-07174-WHO

**E.**     **Plaintiffs Fail to State a Claim Under the UCL's "Unlawful" Prong Because VIZZY's Labeling Does Not Violate the FDA's Fortification Policy.**

A business practice is "unlawful," in violation of the UCL if it violates another state or federal law; the UCL "borrows" violations of other laws and treats them as independently actionable. *Penermon v. Wells Fargo Bank, N.A.*, 47 F. Supp. 3d 982, 1002 (N.D. Cal. 2014) Here, Plaintiffs allege that VIZZY products "violate the Fortification Policy because they are carbonated beverages that are fortified with the nutrient Vitamin C" and are therefore "unlawfully fortified[.]" FAC ¶ 53. This is plainly incorrect.

FDA's Fortification Policy prohibits the "fortification" of fresh produce; meat, poultry, or fish products; sugars; or snack foods such as candies and carbonated beverages. 21 C.F.R. §104.20. "Fortification" is the addition of nutrients to foods. *Id.* Thus, the policy is simply inapplicable to products such as VIZZY that are not fortified but which derive their vitamin content from their ingredients – permissible juices. Moreover, the Fortification Policy does not apply to alcoholic beverages. Further, as Plaintiffs admit in the FAC, alcoholic beverages are only mentioned in a non-binding Guidance Document FAQ. FAC ¶ 42.

Even assuming the Fortification Policy did apply (it does not), the phrase "With Antioxidant Vitamin C from Acerola Superfruit" is not a nutrient-content claim subject to the Fortification Policy. *See,* Section IV.A, above. "The [Fortification Policy] poses no bar to nutrient-content claims generally; it is applicable *only to* (1) health claims; and (2) nutrient-content claims that use the word "healthy" to suggest that a food because of its nutrient content may help consumers maintain healthy dietary practices. *See* 21 C.F.R. §§ 101.14(e) (6); 101.65(d)(2)." *Ackerman v. Coca-Cola Co.*, No. CV-09-0395 (JG), 2010 WL 2925955, at *10 (E.D.N.Y. July 21, 2010). Indeed, the rule "does not prohibit [a company] from making a nutrient content claim that does not use the word 'healthy.'" *Id.*; *see e.g.*, *Silver v. BA Sports Nutrition*,

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-18-

DEFENDANTS' NOT. OF MOT. & MOT. TO
DISMISS PL.'S FAC; MPA IN SUPPORT
THEREOF; CASE NO. 21-CV-07174-WHO

LLC, No. 20-CV-00633-SI, 2020 WL 2992873, at *9 (N.D. Cal. June 4, 2020) (finding that FDA's Fortification Policy did not apply defendants label and marketing did not use any of the terms listed in the regulations and plaintiffs failed to cite any authority for their assertion the regulation was violated when a food manufacturer uses words that are similar to the specific words listed in that regulation). Accordingly, VIZZY's labeling does not violate the Fortification Policy and therefore Plaintiffs fail to satisfy the unlawful prong of the UCL.

**F.      Plaintiffs CLRA, FAL, UCL and Fraud Claims Failed to Meet the Heighted Pleading Standards of Rule 9.**

To state a claim for violation of the CLRA, FAL, UCL or common law fraud under California law, plaintiffs must satisfy the heightened pleading requirements of Rule 9(b) and state with particularity the circumstances of their allegations of fraud. *Swafford v. Int'l Bus. Machines Corp.*, 383 F. Supp. 3d 916, 927 (N.D. Cal. 2019); *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 640 (2018) (finding that plaintiff's CLRA, FAL, and UCL causes of action grounded in fraud must satisfy the heightened pleading requirements of Rule 9(b)) (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106–08 (9th Cir. 2003) (finding that Rule 9(b) applied to plaintiff's CLRA, FAL and UCL causes of action against a particular defendant and dismissing the Complaint as to that defendant); *United Food & Com. Workers Cent. Pennsylvania & Reg'l Health & Welfare Fund v. Amgen, Inc.*, 400 F. App'x 255, 257 (9th Cir. 2010) (dismissing UCL claim for failure to plead allegations of fraud with particularity).

"In alleging fraud . . . a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "To properly plead fraud with particularity under Rule 9(b), 'a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false.'" *Davidson*, 889 F.3d at 964 (quoting *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-19-

DEFENDANTS' NOT. OF MOT. & MOT. TO
DISMISS PL.'S FAC; MPA IN SUPPORT
THEREOF; CASE NO. 21-CV-07174-WHO

F.3d 1047, 1055 (9th Cir. 2011)). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Decker v. GlenFed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994).

Here, Plaintiffs have not identified any statement that is false. Nor could they, because VIZZY's label truthfully states that it contains Vitamin C from Acerola Superfruit. Furthermore, the Nutritional Panel discloses the amount of Vitamin C that is contained within the can. Nor do Plaintiffs allege facts as to why they believe the statement "with Vitamin C" is misleading. *See Arroyo v. Pfizer, Inc.,* 2013 WL 415607, at *5 (dismissing false advertising claims under Rule 8 for failure to allege sufficient facts why advertising was false or misleading). Factual allegations as to why Plaintiffs thought VIZZY was "healthy" when it does not use the term on its label, what they expected to get from drinking VIZZY, what they actually got from drinking VIZZY, and how they came to the conclusion that it was not "healthy" as they purportedly initially believed are notably missing from the FAC. These are facts that are necessarily within Plaintiffs knowledge. And as discussed above, no reasonable consumer would be misled by VIZZY's label. Plaintiffs have failed to explain how any statement was false or misleading as required by Rule 9(b). Plaintiffs have not alleged an actionable misrepresentation, much less to the heightened pleading standard of Rule 9. Therefore, the CLRA, FAL, UCL and fraud claims must be dismissed.

### G.     Plaintiffs' Duplicative Claim for Unjust Enrichment Fails.

Plaintiffs' unjust enrichment claim must be dismissed because "[t]here is no cause of action in California for unjust enrichment." *Durell v. Sharp Healthcare,* 183 Cal.App.4th 1350, 108 Cal.Rptr.3d 682, 699 (2010); *see, e.g.*, *Graham-Sult v. Clainos*, 756 F.3d 724, 750 (9th Cir. 2014). "California does not recognize a stand-alone cause of action for unjust enrichment: '[u]njust enrichment is not a cause of action, just a restitution claim.'" *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1031 (N.D. Cal. 2012). "The phrase 'unjust enrichment' does not describe a

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-20-

DEFENDANTS' NOT. OF MOT. & MOT. TO
DISMISS PL.'S FAC; MPA IN SUPPORT
THEREOF; CASE NO. 21-CV-07174-WHO

theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." *Melchior v. New Line Productions, Inc*., 106 Cal. App. 4th 779, 793, 131 Cal. Rptr. 2d 347 (2003).

This is a matter of substantive California law and, therefore, it makes no difference that federal pleading rules would otherwise permit unjust enrichment to be pleaded in the alternative to other claims. *See Robinson v. HSBC Bank USA,* 732 F.Supp.2d 976, 987 (N.D. Cal. 2010) (dismissing with prejudice plaintiffs' unjust enrichment claim brought in connection with claims of misappropriation and violation of the UCL because unjust enrichment does not exist as a stand-alone cause of action).

Similarly, Plaintiffs' failure to plead any actionable deception also eviscerates her unjust enrichment claim under California law. *Gudgel v. Clorox Co.,* 514 F. Supp. 3d 1177, 1188 (N.D. Cal. 2021) ("The court agrees, and finds that plaintiff's failure to identify an actionable deception in the context of the "reasonable consumer" test also requires the dismissal of her unjust enrichment claim.").

Courts in California have also dismissed unjust enrichment claims where they rely on the exact same factual allegations as a false advertising claim. *Brazil v. Dole Food Co.,* 935 F.Supp.2d 947, 967 (N.D. Cal. 2013) (granting motion to dismiss restitution claim because restitution was already a remedy for plaintiff's UCL claim, therefore any claim for restitution that plaintiff could assert was superfluous); *Nuvo Rsch. Inc. v. McGrath*, No. C 11-4006 SBA, 2012 WL 1965870, at *7 (N.D. Cal. May 31, 2012) (same).

Plaintiffs' claim that Molson Coors was unjustly enriched is based on the same flawed allegations as their false advertising claims. Dismissal is required. *Ivie v. Kraft Foods Glob., Inc.*, No. C-12-02554-RMW, 2015 WL 183910, at *2 (N.D. Cal. Jan. 14, 2015) (denying motion for reconsideration regarding dismissal of unjust enrichment claim because such a remedy is

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-21-

DEFENDANTS' NOT. OF MOT. & MOT. TO
DISMISS PL.'S FAC; MPA IN SUPPORT
THEREOF; CASE NO. 21-CV-07174-WHO

available under the UCL, FAL, and CLRA and the unjust enrichment claim was duplicative); *In re Apple & AT & T iPad Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070, 1077 (N.D. Cal. 2011) ("plaintiffs cannot assert unjust enrichment claims that are merely duplicative of statutory or tort claims"); *Rosal v. First Fed. Bank of California*, 671 F. Supp. 2d 1111, 1134 (N.D. Cal. 2009) (dismissing unjust enrichment claim).

Even assuming Plaintiffs' claim is not duplicative, Plaintiffs do not adequately allege that they did not receive the "benefit of [their] bargain" when they purchased the Products, which they consumed at no harm to themselves. *Tae Youn Shim v. Lawler*, No. 17-CV-04920-EMC, 2019 WL 2996443, at *20 (N.D. Cal. July 9, 2019), *appeal dismissed*, No. 19-16539, 2020 WL 529711 (9th Cir. Jan. 24, 2020) ("An unjust enrichment claim does not lie where 'plaintiffs received the benefit of the bargain.'"). Accordingly, their unjust enrichment claim also fails on the merits.

### H.  Plaintiffs Lack Standing to Seek Injunctive Relief.

Plaintiffs' claim for injunctive relief should be stricken pursuant to Rules 12(f) and 12(b)(1) for lack of Article III standing. In order to obtain injunctive relief, Plaintiffs must show that they have standing under Article III. *See Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007). "To satisfy Article III standing, plaintiff must allege: (1) an injury in fact that is concrete and particularized, as well as actual and imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that it is likely (not merely speculative) that injury will be redressed by a favorable decision." *In re LinkedIn User Privacy Litig.*, 932 F. Supp. 2d 1089, 1092 (N.D. Cal. 2013) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Either there must be a "substantial risk" that the future injury will occur, or the threatened injury must be "certainly impending." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014). "'[A]llegations of *possible* future injury' are not sufficient," *Clapper v. Amnesty Int'l*, 568 U.S. 398, 409 (2013), nor is "past exposure to illegal conduct," *City of Los Angeles v. Lyons*, 461 U.S.

95, 102 (1983) (internal brackets omitted) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974)).

Here, Plaintiffs purchased an alcoholic beverage that promised that it contained Vitamin C, and they received exactly that. If they claim to have been misled into believing that VIZZY is a "healthful" source of nutrients, nothing about removing the Vitamin C disclosure will change that. The product will still contain Vitamin C, and Plaintiffs will still know that. They could not be misled again. *See Cimoli v. Alacer Corp.*, 2021 WL 2711770 (N.D. Cal. July 1, 2021) (collecting cases and holding plaintiff lacks standing where the plaintiff could "easily discovery whether a previous misrepresentation had been cured without first buying the product at issue.").

Furthermore, in the Plaintiffs' view, it is not only illegal to *truthfully* talk about the fact that Vitamin C is contained in VIZZY, it is improper for Vitamin C to be in VIZZY at all (despite the fact that the FDA allows it and many fruit juices naturally contain Vitamin C). Plaintiffs require that VIZZY be reformulated to remove all Vitamin C from the product in order for them to desire to purchase VIZZY again in the future. FAC ¶¶ 72, 78. But the FDA expressly authorizes Molson Coors to use fruit juice as an ingredient in VIZZY and to state the amount of Vitamin C that is contained within the product on its label. Plaintiffs have no standing to seek an injunction prohibiting Molson Coors from using an ingredient that is commonly used in the industry and is permitted by the FDA. Prohibiting use of an ingredient is not a legally cognizable remedy for Plaintiffs' causes of action.

Therefore, Plaintiffs' allegation that they would purchase VIZZY again in the future conditioned on a change in VIZZY's labeling and formula is insufficient to establish standing for injunctive relief. *Shanks v. Jarrow Formulas, Inc.*, 2019 WL 7905745, at *5 (C.D. Cal. Dec. 27, 2019) (finding plaintiff lacks standing for injunctive relief because there was no threat of future injury when plaintiff could "look at the back of the label . . . before purchasing the product" to

determine if it had been reformulated to be healthier); *see also Lugones v. Pete and Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 238 (S.D.N.Y. 2020) (dismissing claim for injunctive relief and collecting cases finding that conditional promises to purchase product if product is altered are insufficient to allege future injury); *see also Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562, 574 (S.D.N.Y. 2021) (dismissing claim for injunctive relief under Rule 12(b)(1)).

Plaintiffs will not suffer any future harm because any allegedly deceptive advertising is now known to Plaintiffs and Plaintiffs cannot require VIZZY be reformulated to remove any Vitamin C that naturally is contained within its ingredients. Accordingly, Plaintiffs cannot seek injunctive relief and the request must be stricken. *Cimoli*, 5:20-cv-07838-BLF, 2021 WL 2711770 (N.D. Cal. July 1, 2021) (collecting cases and dismissing request for injunctive relief because Plaintiff "cannot plausibly allege that he faces a real or immediate threat of similar, future harm.").

## V.    LEAVE TO AMEND SHOULD BE DENIED

Having failed to identify any misleading or deceptive statements, any amendment to Plaintiffs' claims would be futile.[7] See, e.g., *Hauck v. Advanced Micro Devices, Inc.*, No. 18-CV-00447-LHK, 2019 WL 1493356, at *14 (N.D. Cal. Apr. 4, 2019), *aff'd*, 816 F. App'x 39 (9th Cir. 2020) (denying leave to amend affirmative misrepresentation claims where plaintiffs failed to plead any facts suggesting that defendant's representations were false when made because any amendment would be futile); *In re Apple Computer, Inc., Sec. Litig.*, No. C-01-3667 CW, 2003 WL 26111982, at *2 (N.D. Cal. Aug. 13, 2003) (dismissing without leave to amend where plaintiffs failed to allege sufficiently that defendant knew his statements to be false at the

---

[7] Plaintiffs' FAC is effectively the third attempt to state a claim, as Plaintiffs' counsel represented the plaintiff in the related case who withdrew his Complaint in response to Molson Coors' motion to dismiss under Rule 12(b)(1) for filing a false affidavit. *See Wagner v. Molson Coors Beverage Company,* Case No. 3:21-CV-05461-WHO.

CROWELL
& MORING LLP
ATTORNEYS AT LAW
-24-
DEFENDANTS' NOT. OF MOT. & MOT. TO
DISMISS PL.'S FAC; MPA IN SUPPORT
THEREOF; CASE NO. 21-CV-07174-WHO

time that he made them); *see also Matic v. United States Nutrition, Inc.*, CV 18-9592 PSG

(AFMX), 2019 WL 3084335, at *10 (C.D. Cal. March 27, 2019) (dismissing injunctive relief

without leave to amend because there is no risk of being deceived in making future purchases).

Therefore, the dismissal should be with prejudice.

**VI.**   <u>**CONCLUSION**</u>

For all of the foregoing reasons, Molson Coors respectfully requests that Plaintiffs' FAC

be dismissed. Furthermore, the dismissal should be with prejudice as Plaintiff will not be able to

amend sufficient facts that the claims are not preempted or to state a valid claim.

Dated: November 12, 2021                    CROWELL & MORING LLP


                                            <u>  */s/ Raija J. Horstman*  </u>
                                            Raija J. Horstman
                                            *Attorneys for Defendant*
                                            MOLSON COORS BEVERAGE COMPANY and
                                            MOLSON COORS BEVERAGE COMPANY USA
                                            LLC

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-25-

DEFENDANTS' NOT. OF MOT. & MOT. TO
DISMISS PL.'S FAC; MPA IN SUPPORT
THEREOF; CASE NO. 21-CV-07174-WHO