**GUTRIDE SAFIER LLP**
SETH A. SAFIER (State Bar No. 197427)
MARIE A. MCCRARY (State Bar No. 262670)
HAYLEY REYNOLDS (State Bar No. 306427)
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Attorneys for Plaintiffs Jennifer Marek
and Isabelle Dwight

**CROWELL & MORING LLP**
Valerie M. Goo (State Bar No. 1873343)
VGoo@crowell.com
Raija J. Horstman (State Bar No. 277301)
RHorstman@crowell.com
515 South Flower Street, 40th Floor
Telephone:   213.622.4750
Facsimile:   213 622.2690

**Christopher Cole** (*pro hac pending*)
CCole@crowell.com
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone:   202.624.2500
Facsimile:   202.628.5116

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JENNIFER MAREK and ISABELLE DWIGHT, as individuals, on behalf of themselves, the general public and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MOLSON COORS BEVERAGE COMPANY USA LLC; MOLSON COORS BEVERAGE COMPANY,<br><br>Defendants. | Case No. 3:21-cv-07174 WHO<br><br>**PROPOSED STIPULATED ESI PROTOCOL ORDER**<br><br>Honorable William H. Orrick |

1. **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

2. **COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3. **LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

4. **PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

   a) Only ESI created or received between January 1, 2018 and the present will be preserved;
   b) The parties have exchanged a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;
   c) The parties have agreed on the number of custodians per party for whom ESI will be preserved (i.e., for Defendant, the thirteen custodians identified);
   d) These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be

       preserved but not searched, reviewed, or produced: backup media, systems no longer in use that cannot be accessed;

  e) Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve the following:

    i. Deleted, slack, fragmented, or other data only accessible by forensics.

    ii. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    iii. On-line access data such as temporary internet files, history, cache and cookies.

    iv. Data in metadata fields that are frequently updated automatically, such as last-opened dates.

    v. Back-up data that are substantially duplicative of data that are more accessible elsewhere.

    vi. Server, system or network logs.

    vii. Data remaining from systems no longer in use that is unintelligible on the systems in use.

    viii. Data exclusively maintained on mobile devices or accessible to such devices (e.g., iCloud, personal messaging apps).

    ix. digital voicemail

    x. automatically saved versions of documents ;

  f) In addition to the agreements above, the parties agree data from these sources (a) could contain relevant information but (b) under the proportionality factors, should not be preserved.

## 5. SEARCH

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

## 6. PRODUCTION FORMATS

The parties agree to produce documents in TIFF with load files or native, or a combination thereof, file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

7. **PHASING**

The Parties agree to meet and confer concerning whether the production of responsive ESI should occur in phases, by prioritizing selected sources, custodians, topics and/or aspects of the case.

8. **DOCUMENTS PROTECTED FROM DISCOVERY**

   a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

   c) The following categories of privileged information need not be placed on a privilege log:

      i. communications involving trial counsel that post-date the filing of the complaint.

      ii. communications exclusively between a party or its representative(s) and its outside counsel;

      iii. work product created by internal or outside counsel related to this litigation;

      iv. inclusive email threads that are suppressed pursuant to the provisions of this Stipulation and Order;

      v. privileged draft contracts, draft regulatory or draft litigation filings;

      vi. privileged non-responsive family members of responsive documents;

      vii. redacted documents where the reason for the redaction is provided in the text of the redaction box or metadata (e.g., Attorney-Client Privilege, Work Product, Privacy); and

      viii. materials regarding activities undertaken in compliance with the duty to preserve information (including, but not limited to, litigation hold letters), which are protected from disclosure under Federal Rules of Civil Procedure 26(b)(3)(A) and (B).

Communications may be identified on a privilege log by category, rather than individually, if appropriate.

9. **MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: March 29, 2022

By: /s/  Hayley A. Reynolds            /
**GUTRIDE SAFIER LLP**
Seth A. Safier
Marie A. McCrary
Hayley A. Reynolds
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:   (415) 639-9090
Facsimile:    (515) 449-6469
seth@gutridesafier.com
marie@gutridesafier.com
hayley@gutridesafier.com

*Attorneys for Plaintiffs*

By: /s/   Raija J. Horstman             /
**CROWELL & MORING LLP**
Valerie M. Goo
Raija J. Horstman
515 South Flower Street, 40th Floor
Telephone:    213.622.4750
Facsimile:     213 622.2690
VGoo@crowell.com
RHorstman@crowell.com

**Christopher Cole** (*pro hac pending*)
1001 Pennsylvania Avenue NW
Washington, D.C.  20004
Telephone:    202.624.2500
Facsimile:     202.628.5116
CCole@crowell.com

*Attorneys for Defendant*

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: _____

HONORABLE JUDGE WILLIAM H. ORRICK