UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER MAREK, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>MOLSON COORS BEVERAGE COMPANY, et al.,<br><br>  Defendants. | Case No. 21-cv-07174-WHO<br><br>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT [AS MODIFIED]** |

Having considered plaintiffs' original motion for preliminary approval, declarations in support, plaintiffs' supplemental statement in support of preliminary approval, notice of errata and revised forms of notice, **I ORDER AS FOLLOWS**:

1. I have reviewed the Settlement Agreement (Dkt. 58-5), Amended Settlement Agreement, and amended exhibits (Dkt. 64-5, 64-6, 64-7, 65). Preliminarily finding the Settlement as likely to be approved under Rule 23(e)(2) and as meriting notice to the Class for its consideration I preliminarily find as follows:

   a. Class Representatives and Class Counsel have adequately represented the Class.

   b. The Settlement was negotiated at arm's length with the assistance of a well-respected and experienced private mediator.

   c. The relief provided to the Class in the form of injunctive and monetary relief is adequate given the risks and uncertainty of trial and the monetary recovery offered by the Settlement is higher on a per Unit basis than Plaintiffs' evidence would have allowed for at trial.

   d. The proposal treats all class members equally relative to each other.

2. The Settlement also complies with the Northern District of California's Procedural Guidance for Class Action Settlements,

https://www.cand.uscourts.gov/ClassActionSettlementGuidance.

3. The Court stays all case deadlines pending a final ruling on the Settlement.

4. The Court preliminarily finds, solely for purposes of considering this Settlement, that the requirements of Rule 23 of the Federal Rules of Civil Procedure are conditionally satisfied, including requirements that the Settlement Class Members are too numerous to be joined in a single action; that common issues of law and fact exist and predominate; that the claims of the Class Representatives are typical of the claims of the Settlement Class Members; that the Class Representatives and Class Counsel can adequately protect the interests of the Settlement Class Members; and that a settlement class is superior to alternative means of resolving the claims and disputes at issue in this Litigation.

5. For purposes of the settlement only, the Court provisionally certifies the Settlement Class, which consists of all persons, other than Excluded Persons, who between January 1, 2020, and the date of Preliminary Approval, purchased, in the United States, any Vizzy brand hard seltzer beverages, except for purpose of resale. "Excluded Persons" from the Settlement Classes are: (1) the Honorable Judge William Orrick, the Honorable Iain D. Johnston, the Honorable Lisa Jensen, the Honorable William P. Dimitrouleas, the Honorable Jay Gandhi (Ret.), and any member of their immediate families; (2) any government entity; (3) Defendant; (4) any entity in which Defendant has a controlling interest; (5) any of Defendant's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns; and (6) any persons who timely opt-out of the Settlement Class.

6. The Court conditionally designates the law firm of Gutride Safier LLP as Class Counsel and Jennifer Marek, Isabelle Dwight, Darren Williams, Jennifer Gannon, Evvie Eyzaguirre, Brandi Fike, Lance Waldron, Jessica Tempest, and Vivian Nogueras as Class Representatives for purposes of this settlement. The Court preliminarily finds that the Class Representatives and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members.

7. A Final Approval Hearing shall be held before this Court at 2**:00 pm on July 12, 2023** to address: (a) whether the proposed Settlement should be finally approved as fair,

2

1  reasonable, and adequate, and whether the Final Approval Order should be entered, and (b)
2  whether Class Counsel's application for Attorneys' Fees and Expenses and a payment of Incentive
3  Awards to the Class Representative should be approved. The Final Approval Hearing may be
4  postponed, adjourned, or continued by further order of this Court.

5        8.     The Court finds that the terms of the Settlement Agreement are sufficiently fair,
6  reasonable, and adequate to allow dissemination of the Class Notice to members of the Class. This
7  determination is not a final finding that the Settlement is fair, reasonable and adequate, but it is a
8  determination that probable cause exists to disseminate Class Notice to the Class Members and
9  hold a hearing on final approval of the proposed Settlement.

10        9.     The Court finds that the Parties' plan for providing notice to the Class (the
11  Notice Plan) is reasonably calculated to provide notice to the Class of the pendency of the terms of
12  the Settlement Agreement, the Final Approval hearing, and applicable deadlines, and complies
13  fully with the requirements of the Due Process Clause of the United States Constitution, Rule 23
14  of the Rules of Civil Procedure, and any other applicable law. The Parties and the Claim
15  Administrator shall comply with the Notice Plan and other deadlines as set forth in the Settlement
16  Agreement and this Order. The Court designates and approves Angeion Group to serve as Claim
17  Administrator. The costs of notice and administration shall be paid from the Settlement Fund,
18  under the direction of Class Counsel.

19        10.    The Court approves, as to form and content, the Claim Form and the notices,
20  substantially similar to the forms attached as Exhibits A and B1 to B3 to the Settlement
21  Agreement, as amended. The Claim Form and all of the notices are written in plain English, are
22  easy to comprehend, and fully comply with the requirements of the Due Process Clause of the
23  United States Constitution, Rule 23 of the Rules of Civil Procedure, and any other applicable law.
24  The Parties shall have discretion to jointly make non-material minor revisions to the Claim Form
25  or Notices. Responsibility regarding settlement administration, including, but not limited to, notice
26  and related procedures, shall be performed by the Claim Administrator, subject to the oversight of
27  the Parties and this Court as described in the Settlement Agreement.

28        11.    Any member of the Class who desires to be excluded from the Settlement, and

1 therefore not be bound by the terms of the Settlement Agreement, must submit a timely request for exclusion to the Claim Administrator, by completing the online form at the Settlement Website or mailing an Opt-Out request to the Claim Administrator at Vizzy Settlement Administrator, Attn: Exclusions, P.O. Box 5822, Philadelphia, PA 19102,. The request must be submitted online or received by the Claim Administrator (not just postmarked) by May 9, 2023. No one shall be permitted to exercise any exclusion rights on behalf of any other person, whether as an agent or representative of another or otherwise, except upon proof of a legal power of attorney, conservatorship, trusteeship, or other legal authorization.

12. The deadline for Plaintiffs to file a Motion for Attorneys' Fees, Costs, and Incentive Awards shall be 35 days prior to the opt-out and objection deadline.

13. No later than 14 days prior to the Final Approval hearing, the Claim Administrator shall prepare a list of the names of the persons who, pursuant to the Class Notice described herein, have excluded themselves from the Settlement Class in a valid and timely manner, and Plaintiffs' Counsel shall file that list with the Court. The Court retains jurisdiction to resolve any disputed exclusion requests.

14. Any member of the Class who elects to be excluded shall not receive a Cash Payment, shall not be bound by the terms of the Settlement Agreement, and shall have no standing to object to the Settlement or intervene in the Litigation. Class Members who do not wish to be bound by a judgment in favor of or against the Class must exclude themselves from the Settlement. Any Class Member who does not submit a valid and timely request for exclusion may submit an objection to the Settlement Agreement ("Objection"). The Objection must satisfy the requirements set forth below and must be filed as a written objection with the Clerk of the Court, by mail, express mail, or personal delivery, such that the Objection is postmarked by the objection deadline, or it will be rejected. The objection deadline shall be 42 days after the notice date.

15. Any Objection must include: (1) a reference at the beginning to *Marek, et al. v. Molson Coors Beverage Company USA LLC*, Case No. 21-cv-07174-WHO; (2) the objector's name, address, telephone number, and, if available, email address; (3) a detailed statement of the objection(s); (4) a statement as to whether the objector is requesting the opportunity to appear and

1  be heard at the Final Approval Hearing; and (5) the objector's signature as objector, in addition to
2  the signature of the objector's attorney, if an attorney is representing the objector with the
3  objection.  Failure to include this information and documentation may be grounds for overruling
4  and rejecting the objection.

5        16.     Any Class Member shall have the right to appear and be heard at the Final
6  Approval hearing, either personally or through an attorney retained at the Class Member's own
7  expense. However, if the Class Member wishes to object to the Settlement at the Final Approval
8  Hearing (either personally or through counsel), the Class Member must submit a timely written
9  objection in compliance with the requirements referenced in the prior paragraph of this Order.

10       17.     Plaintiffs shall file any reply in support of Final Approval and for any award of
11 Attorneys' Fees and Expenses and a Class Representative Incentive Awards (including responses
12 to objections) no later than no later than 14 days prior to the final approval hearing. All such
13 filings and supporting documentation shall be posted to the Settlement Website within one day of
14 filing.

15       18.     Any Class Member wishing to make a Claim must submit a Claim Form to the
16 Claim Administrator, pursuant to the instructions set forth in the Long Form Notice. The request
17 must be submitted online or postmarked by no later than the claim deadline, which shall be 60
18 days after the notice date.

19       19.     No later than 14 days prior to the final approval hearing, the Claim
20 Administrator shall provide a declaration to the Court regarding the provision of notice and as
21 required by the Settlement Agreement and as to the number and dollar amount of claims received.

22       20.     In the event that the proposed Settlement is not finally approved by the Court, or
23 in the event that the Settlement Agreement becomes null and void or terminates pursuant to its
24 terms, this Preliminary Approval Order and all orders entered in connection herewith shall become
25 null and void, shall be of no further force and effect, and shall not be used or referred to for any
26 purposes whatsoever in this Litigation or in any other case or controversy, in such event the
27 Settlement Agreement and all negotiations and proceedings directly related thereto shall be
28 deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to

1  their respective positions as of the date and time immediately preceding the execution of the
2  Settlement Agreement.
3      21.     For avoidance of doubt, below are the deadlines approved by the Court. The
4  Parties are authorized to update the claim form, long form notice, published notice, and settlement
5  website with dates consistent with the below timeline:

| Item | Proposed Due Date |
|---|---|
| Notice Date | 21 days after the date of this preliminary approval order |
| Deadline for filing Motion for Attorneys' Fees, Costs, and Representative Awards | 35 days prior to the objection deadline |
| Deadline for submission of objections | 42 days after the Notice Date |
| Deadline for submission of claims and opt outs | 60 days after the Notice Date |
| Deadline for Claim Administrator to file a declaration pursuant to Agreement 5.8 and 5.9 | 14 days prior to the final approval hearing |
| Deadline for filing replies in support of final approval and for attorneys' fees, costs and representative awards and response to objections | 14 days prior to the final approval hearing. |
| Final Approval hearing | First available Court date at least 90 days after Notice Date |

**Notice Date is defined as the date by which all of the following have occurred: (i) publication in both *People Magazine* and *USA Today*; (ii) online notice to be published on internet sites through an appropriate programmatic network, social media, and a paid search campaign; (iii) published notice issued as a press release through GlobeNewswire (or a similar press release distribution service); and (iv) sponsored listings on two leading class action settlement websites, with postings by a social media influencer, and active listening on Facebook, Instagram and Twitter.**

    22.     This Order shall not be construed as an admission or concession by Defendant of the truth of any allegations made by the Plaintiff or of liability or fault of any kind.

    23.     The Court may, for good cause, extend any of the deadlines set forth in this

1  Order without further notice to Settlement Class Members, though such extensions shall be posted

2  to the Settlement Website. The Final Approval Hearing may, from time to time and without

3  further notice to Settlement Class Members beyond updates to the Court's docket and the

4  Settlement Website, be continued by Order of the Court.

5      24. If the Court grants Final Approval to the Settlement Agreement, then Settlement

6  Class Members who have not timely requested to be excluded including persons who objected to

7  the Settlement Agreement or submitted a Valid Claim, shall be deemed to have released their

8  claims as set forth therein.

9      25. Counsel for the Parties are hereby authorized to utilize all reasonable procedures

10  in connection with the administration of the settlement which are not materially inconsistent with

11  either this Order or the terms of the Settlement Agreement.

12      26. All further proceedings and deadlines in this action are hereby stayed except for

13  those required to effectuate the Settlement Agreement and this Order.

14      27. Pending final determination of whether the Settlement should be approved,

15  Plaintiffs and each Class Member, and any person purportedly acting on behalf of any Class

16  Member(s), are hereby enjoined from commencing, pursuing, maintaining, enforcing, or

17  proceeding, either directly or indirectly, any Released Claims in any judicial, administrative,

18  arbitral, or other forum, against any of the Released Parties, provided that this injunction shall not

19  apply to the claims of Class members who have timely and validly requested to be excluded from

20  the Class. This injunction will remain in force until the Effective Date or until such time as the

21  Parties notify the Court that the Settlement has been terminated. This injunction is necessary to

22  protect and effectuate the Settlement, this Order, and this Court, authority regarding the

23  Settlement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

24    **IT IS SO ORDERED.**

25  Dated: March 10, 2023



William H. Orrick
United States District Judge

7