1  **GUTRIDE SAFIER LLP**
   SETH A. SAFIER (State Bar No. 197427)
2  MARIE A. MCCRARY (State Bar No. 262670)
   HAYLEY REYNOLDS (State Bar No. 306427)
3  100 Pine Street, Suite 1250
4  San Francisco, CA 94111
   Telephone: (415) 639-9090
5  Facsimile:  (415) 449-6469

6  Attorneys for Plaintiffs

7                    UNITED STATES DISTRICT COURT FOR THE

8                         NORTHERN DISTRICT OF CALIFORNIA

| JENNIFER MAREK, ISABELLE DWIGHT, DARREN WILLIAMS, JENNIFER GANNON, EVVIE EYZAGUIRRE, BRANDI FIKE, LANCE WALDRON, JESSICA TEMPEST, and VIVIAN NOGUERAS, as individuals, on behalf of themselves, the general public and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MOLSON COORS BEVERAGE COMPANY USA LLC and MOLSON COORS BEVERAGE COMPANY,<br><br>Defendants. | CASE NO. 21-cv-07174-WHO<br><br>**DECLARATION OF SETH A. SAFIER IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS AND INCENTIVE AWARDS**<br><br><u>MOTION HEARING</u><br><br>DATE:   July 12, 2023<br>TIME:   2:00pm<br><br>Judge William H. Orrick |
|---|---|

I, Seth A. Safier, declare and state that:

1. I am an attorney licensed to practice law in the State of California and in this Court, and a founding partner of Gutride Safier LLP ("GSLLP"). My firm is counsel of record for Plaintiffs Jennifer Marek and Isabelle Dwight ("*Marek* Plaintiffs"), and Brandi Fike, Lance Waldron, Jessica Tempest, and Vivian Nogueras (collectively with the *Marek* Plaintiffs, "Plaintiffs"), in the above captioned matter against Molson Coors Beverage Company USA LLC ("Defendant") and the Molson Coors Beverage Company.

2. I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs and Incentive Awards. Unless otherwise noted, I have personal knowledge of the facts set forth in this declaration and could and would testify competently to them if called upon to do so. I discuss, in the following order, (a) the history of this litigation, which includes a summary description of the legal services provided by GSLLP in this litigation to date; (b) the risks borne by GSLLP; (c) the lodestar and out of pocket costs of GSLLP; and (d) justification of the requested incentive awards for the class representatives.

**A. History of the Actions**

3. On September 16, 2021, the *Marek* Plaintiffs, by and through their counsel, GSLLP, filed a Class Action Complaint in the United States District Court for the Northern District of California alleging claims for violations of the California Consumer Legal Remedies Act, Civil Code § 1780, *et seq.* ("CLRA"); false advertising under California Business and Professions Code § 17500, *et seq.*; unfair business practices under California Business and Professions Code § 17200 *et seq.*; and fraud, seeking damages, an injunction and other relief. *Marek* Plaintiffs sought to pursue these claims on behalf of themselves and all purchasers (other than resellers) of Vizzy hard seltzer products (the "Products") in California between September 16, 2017, and the present.

4. The *Marek* Plaintiffs generally allege that Defendant unlawfully and deceptively marketed and sold the Products by including the words "with antioxidant vitamin C from acerola superfruit" on the front label. They allege that the front label claim is both unlawful and misleading. They further allege that use of the term "with" to indicate the addition of nutrients to the

Products subjects the claim to 21 C.F.R. § 101.54(e). Thus, they allege, the Product labels violate 21 C.F.R. §101.54(e) because they do not comply with the fortification policy in 21 C.F.R. § 104.20. The *Marek* Plaintiffs finally allege that the Products' marketing and labeling is also misleading because reasonable consumers would believe they will receive health benefits from the Product based on the "with antioxidant vitamin C from acerola superfruit" claim, but the Products are in fact harmful due to the alcohol in the beverage.

5. GSLLP drafted and filed the complaint against Defendant and caused it to be served. Prior to doing so, GSLLP spent time communicating with Plaintiffs and other potential clients across the country concerning their claims and gathering documents and information. GSLLP also undertook extensive pre-filing investigation, including without limitation, researching, tracking, and analyzing Defendant's labeling, marketing and advertising. Throughout this litigation, GSLLP has continued to monitor, research, and review such materials.

6. *Marek* Plaintiffs' complaint originally named two corporate entities as defendants, Molson Coors Beverage Company and Molson Coors Beverage Company USA LLC. On November 12, 2021, both entities filed motions to dismiss. Molson Coors Beverage Company USA LLC argued that 1) Plaintiffs' claims were preempted; 2) the FDA has primary jurisdiction; 3) Plaintiffs failed to allege a reasonable consumer would be misled; 4) Plaintiffs' claims were banned by the *Cal-Tech* "safe harbor"; 5) Defendant's label claims did not violate the FDA fortification policy; 6) Plaintiffs' fraud claims failed to meet the heightened pleading standards; 7) Plaintiffs are not entitled to restitutionary relief because they failed to plausibly allege that they lack an adequate remedy at law entitling them to equitable relief; and 8) Plaintiffs lacked standing to seek injunctive relief. Defendant Molson Coors Beverage Company argued that the Court did not have personal jurisdiction over it. Plaintiffs opposed both motions on December 3, 2021, and the defendants filed their replies on December 17, 2021. On January 14, 2022, this Court granted Molson Coors Beverage Company's motion to dismiss, and denied Molson Coors Beverage Company USA LLC's motion to dismiss. ECF No. 34.

7. Defendant also faced similar claims filed by the law firm of Sheehan & Associates, PC, whose declaration in support of the motion for fees, costs, and incentive awards is

submitted herewith. Sheehan & Associates has filed cases in the Northern District of Illinois, *Williams v. Molson Coors Beverage Company USA LLC*, No. 21-cv-50207 (N.D. Ill.) (the "*Williams* Action") and Southern District of Florida, *Eyzaguirre v. Molson Coors Beverage Company USA LLC,* No. 22-cv-60889 (S.D. Fl.) (the "*Eyzaguirre* Action"). GSLLP has worked closely with Sheehan & Associates in the prosecution of the *Williams* and *Eyzaguirre* Actions. GSLLP was the first to file an opposition to Defendant's motion to dismiss, and worked closely with Sheehan & Associates to support a similar opposition in the *Williams* Action.

8. GSLLP drafted and sent a document preservation letter to Defendant on or about November 5, 2021. GSLLP drafted and served Plaintiffs' First Set of Requests for Production and First Set of Interrogatories on Defendant on November 5, 2021. GSLLP met and conferred with Defendant to negotiate a Stipulated Protective Order, which the Parties filed on January 31, 2022. ECF No. 36. The Court denied the Stipulation and requested the Parties refile it following specified procedures. ECF No. 38. The Parties refiled the Stipulated Protective Order on February 28, 2022 and it was entered by the Court. ECF No. 40, 41. Similarly, GSLLP met and conferred with Defendant to negotiate a Stipulated ESI Protocol, which the Parties filed on January 31, 2022. ECF No. 37. The Court denied the Stipulation and requested the Parties refile it following specified procedures. ECF No. 39. The Parties refiled the Stipulated ESI Protocol on March 29, 2022 and it was entered by the Court. ECF No. 42, 43.

9. The parties exchanged lists of custodians and GSLLP sent Defendant proposed ESI search terms. The parties attended several meet and confer calls and exchanged numerous meet and confer emails regarding discovery of electronically stored information. After extended negotiations, the parties agreed on search terms.

10. GSLLP served a subpoena on third-party marketing and research company Information Resources, Inc. GSLLP negotiated the scope of the subpoena, paid for, and obtained the production of sales data for Vizzy products during the Class Period.

11. In response to the search terms and Requests for Production, Defendant produced thousands of pages of documents. GSLLP spent dozens of hours reviewing and tagging Defendant's documents in preparation for class certification, trial and mediation.

12. GSLLP also noticed Defendant's Rule 30(b)(6) deposition. GSLLP met and conferred with Defendant regarding the scope of the Rule 30(b)(6) deposition notice, and took the deposition of Spencer Schurr on October 7, 2022, who testified as a Rule 30(b)(6) deponent.

13. Defendant also served discovery requests, including document requests and interrogatories on the *Marek* Plaintiffs. GSLLP worked with the Plaintiffs to draft their initial disclosures, interrogatory responses, and to gather and produce documents responsive to Defendant's Requests for Production.

14. Throughout this litigation, GSLLP has participated in dozens of meet and confers (telephonic and written) with Defendant, regarding general discovery matters, such as the scope of discovery, Defendant's objections to Plaintiffs' discovery requests, the retention of electronic documents, Defendant's searches for electronically stored information, and the timing of discovery responses and document productions. GSLLP also attended regularly scheduled case management conferences with the Court. Prior to each conference, the Parties met and conferred and drafted detailed case management statements regarding the status of the case. *See* ECF No. 15, 44.

15. GSLLP also engaged in extensive settlement discussions with Defendant's counsel. On July 28, 2022, the parties and their counsel, including Mr. Sheehan, participated in an all-day mediation conducted by Honorable Jay Gandhi (Ret.) at JAMS to achieve a global settlement. GSLLP led negotiations on behalf of all Plaintiffs. The Parties actively continued settlement efforts over the next few weeks and attended a second mediation with Hon. Jay Gandhi on August 12, 2022. That mediation resulted in the settlement memorialized in the Settlement Agreement.

16. While settlement efforts were underway, GSLLP continued to pursue necessary research, discovery and investigation in preparation for class certification. For example, GSLLP retained and worked with Colin Weir, an economist, who opined on classwide damages. Weir opines that, based on consumer survey results and relevant documents, Class Members paid a price premium for the Products attributable to the inclusion of the "with antioxidant vitamin C from acerola superfruit" representation on the front label averaging approximately 11% of the purchase price.

17. GSLLP prepared and filed an amended complaint that combined the pending actions to allow for global resolution. ECF 56. GSLLP also prepared and filed a Motion for Approval of the Settlement and attended a hearing on preliminary approval. ECF 58, 62. The Court granted Preliminary Approval on March 10, 2023. ECF 66.

18. Subsequently, GSLLP establish standardized procedures to ensure that all inquiries from Class Members are timely and accurately handled. GSLLP then worked (and continues to work) with the Claim Administrator to assure that the Settlement Website functions properly (i.e., is easy to use and properly designed). GSLLP worked (and continues to work) with the Claim Administrator to assure that notice is disseminated in accordance with the Notice Plan provided in the Settlement Agreement and the Court's March 10 Preliminary Approval Order. GSLLP receives and reviews weekly updates from the Claim Administrator regarding the administration of the settlement and claims filed. GSLLP will continue in this capacity should the Settlement be finally approved. GSLLP will prepare for and appear at the final approval hearing, including researching and drafting a reply memorandum and opposing objections, if any. If the Settlement is approved and fees awarded, GSLLP also will oppose any appeals that may be filed. Based on my experience with class actions, I additionally anticipate that there will be another 50-75 hours of work before the litigation is entirely complete and an estimated 175-250 hours of work if this Court's judgment is appealed.

19. GSLLP's prosecution of the *Marek* Action has been diligent, efficient, and professional and the quality of the work that it has performed is evidenced by the substantial relief it has obtained on behalf of the Class.

20. A true and correct copy of GSLLP's current resume is attached as **Exhibit 1**. As can be seen from the resume, GSLLP has substantial experience in the litigation, certification, and settlement of class action cases. Indeed, as is further detailed in the resume, GSLLP has been appointed as class counsel in more than 25 consumer cases and has overseen more than a dozen large class action settlements. Numerous judges in this District and other jurisdictions have commended GSLLP for its vigorous and effective advocacy and for the results achieved to curb false advertising and to recover damages and obtain injunctive relief to benefit consumers. Some of

these commendations are recited in Exhibit 1.

21. Plaintiffs will request the actual amount of costs and expenses incurred in the Actions currently in an amount of $69,298.60,[1] and an award of attorneys' fees in the amount of $2,500,000, and Incentive Awards for each of the named Plaintiffs of $5,000 and non-named clients in the amount of $2,500 for their service to the Class (for a total of $35,000 for the nine named Plaintiffs). These payments will also be made out of the Settlement Fund.

### B. The Risks Borne by GSLLP

22. In accepting this case, GSLLP bore risk. GSLLP took this case on a fully contingent basis, meaning that the firm was not paid for any time, and that it paid all costs and out of pocket expenses without any reimbursement to date. In evaluating the case at the outset, I concluded that there was a possibility that the total amount of class wide damages the firm would recover would be insufficient for GSLLP to be compensated for all the time it would expend, if GSLLP was limited to recovering a percentage of those class wide damages. However, because the statutes under which Plaintiffs would be suing authorized fee-shifting to a prevailing plaintiff who achieved a benefit for the class members/general public (a.k.a. "private attorney general fees"), I concluded that GSLLP could accept the engagement. Further, I recognized that GSLLP would be contributing a substantial amount of time and advancing significant costs in prosecuting a class action, with no guarantee of compensation or recovery, in the hopes of prevailing against a well-funded defense. During the course of the litigation, GSLLP turned away other cases due to its involvement with this matter. Among these were cases that were subsequently filed by other firms.

23. Because Defendant is represented by a large, highly-skilled and well-resourced litigation firm, there is increased risk that Plaintiffs would not certify a class and/or receive a verdict for the defense after a prolonged trial.

### C. Lodestar and Expenses for GSLLP

24. Throughout the duration of this litigation, GSLLP has maintained contemporaneous billing records for this case. Based on GSLLP's time records, GSLLP has spent approximately 740

---

[1] This number will be updated in Plaintiffs' reply memorandum in support of attorneys' fees, costs and incentive awards.

hours prosecuting this litigation, although some timekeepers have not yet input time for the current month and their totals are current only through March 31, 2023. (Thus, this total does not include all work preparing the motion for attorneys' fees, costs and incentive awards and anticipated work preparing the final approval settlement papers, the reply memorandum in support of motion attorneys' fees, costs and incentive award, and additional work assisting with the administration of claims.) The total number of hours, as well as the lodestar computed at our current rates, is shown in the following table:

| Timekeeper | Hours | Rate | Total |
| --- | --- | --- | --- |
| Adam J. Gutride | 38.6 | $1,280.00 | $49,408.00 |
| Anthony Patek | 1.7 | $1,110.00 | $1,887.00 |
| Ashley Garcia* | 4.2 | $315.00 | $1,323.00 |
| Fernanda Serrano | 65.7 | $400.00 | $26,280.00 |
| Hayley Reynolds | 331.80 | $1,030.00 | $341,754.00 |
| Kali Backer | 0.4 | $1,060.00 | $424.00 |
| Marie McCrary | 59.6 | $1,170.00 | $69,732.00 |
| Matt McCrary | 24.6 | $1,170.00 | $28,782.00 |
| Rachel Wilson | 9.1 | $360.00 | $3,276.00 |
| Rajiv Thairani | 2.7 | $940.00 | $2,538.00 |
| Seth A. Safier | 186.6 | $1,280.00 | $238,848.00 |
| Steven Raab | 3.2 | $1,110.00 | $3,552.00 |
| Tekesha Geel* | 7.6 | $910.00 | $6,916.00 |
| Todd Kennedy | 2.9 | $1,170.00 | $3,393.00 |
| **TOTAL** | **738.7** | | **$778,113.00** |

\* These timekeepers are no longer with GSLLP. Their hourly rates reflect their rate at the time of their departure from GSLLP.

25.   The hourly rates shown for the attorneys and paralegals at GSLLP are the same as the regular rates charged for their services in other litigation. The persons shown above are all attorneys, except for Ashley Garcia, Fernanda Serrano, and Rachel Wilson, who are paralegals.

26. The rates for the attorneys involved range from $910 to $1,280 per hour and for legal assistants is $315 to $400 per hour. The hourly rates charged by my firm have been deemed reasonable in connection with the approval of my firm's fee applications in approximately a dozen recent matters.

27. Most recently, on December 7, 2021, Judge Freeman approved GSLLP's rates in *Taylor v. Shutterfly, Inc.*, No. 5:18-cv-00266-BLF, 2021 U.S. Dist. LEXIS 237069, at *25 (N.D. Cal. Dec. 7, 2021) stating that the "rates charged are reasonable and commensurate with those charged by attorneys with similar experience who appear in this Court."

28. On March 24, 2021, Judge Walrath (of the Bankruptcy Court for the District of Delaware) approved a 40% attorney fee for GSLLP and co-counsel in *In re The Hertz Corporation, et al.*, Case No. 20-bk-11247-MFW (Bankr. Del.) (ECF No. 178), noting that "the hourly rates charged were reasonable and commensurate with market rates charged by others with similar skills and experience."

29. On March 24, 2021, Judge Wilken approved GSLLP's rates in *McArdle v. AT&T Mobility LLC, et al.*, Case No. CV-09-01117 (N.D. Cal.) (ECF No. 409), stating that the "rates charged are reasonable and commensurate with those charged by attorneys with similar experience who appear in this Court."

30. On June 22, 2020, Judge Ryu in *Carlotti v. Asus Computer International, Inc.*, Case No. 18-cv-03369-DMR (ECF No. 86) reviewed, in detail, GSLLP's 2019 billing rates and approved them as "reasonable within the context of this case."

31. On October 13, 2019, Judge Edward Davila entered an order approving of GSLLP's 2019 rates as reasonable in *Fitzhenry-Russell v. The Coca-Cola Company*, Case No. 5:17-cv-00603-EJD (ECF No. 95) stating "[f]or attorneys and staff at the Gutride Safier firm, these hourly rates are equal to market rates in San Francisco for attorneys of Plaintiffs' Counsel's background and experience."

32. On September 5, 2019, Judge Sontchi in *In re Arctic Sentinel, Inc., et al.,* Case No. 15-12465 (Bankr. Del.) (ECF No. 1331) entered an order approving of GSLLP's 2018 billing rates

as "reasonable and commensurate with market rates charged by others with similar skills and experience."

33. On April 10, 2019, Judge Cousins in *Fitzhenry-Russell et al. v. Dr Pepper Snapple Group, Inc. et al.* 5:17-cv-00564 entered an order approving of GSLLP's regular 2018 billing rates.

34. On March 29, 2019, in *Pettit et al. v. Procter & Gamble Co.,* Case No. 3:15-cv-02150-RS, and on August 29, 2018, in *Koller et al. v. Med Foods, Inc., et al.,* Case No. 3:14-CV-2400-RS, Judge Richard Seeborg entered orders approving of GSLLP's regular 2018 billing rates as "reasonable" and as "commensurate with those charged by attorneys with similar experience who appear in this Court."

35. On March 16, 2018, Judge Winifred Smith of the Alameda County Superior Court entered an order approving of GSLLP's regular 2017 hourly billing rates as "on par with those of other attorneys of [GSLLP's] skill and experience in the San Francisco Bay Area" in *Kumar v. Safeway, Inc.*, Case No. RG 14726707.

36. GSLLP's regular 2017 hourly billing rates were also approved on July 7, 2017 by Judge Gonzales Rogers in *Kumar v. Salov North America Corp.*, Case No. 14-cv-2411 (N.D.Cal.) (ECF No. 173) and on December 5, 2017, this Court in *Rainbow Business Solutions v. MBF Leasing*, Case No. 10-cv-1993 (N.D.Cal.) (ECF No. 729).

37. On February 24, 2016, Judge Peter Kirwan of the Santa Clara County Superior Court approved rates GSLLP's 2015 rates of $825 for Adam Gutride and $800 for me in *Mackinnon v. IMVU, Inc.*, Case No. 111 CV 193767.

38. On February 20, 2015, Judge Laurel Beeler entered an order approving of GSLLP's 2014 rates as reasonable in *Miller, et al. v. Ghirardelli Chocolate Company*, Case No. 12-cv-04936-LB (N.D. Cal. Feb. 20, 2015) (ECF No. 170).

39. Each of the lawyers who did substantive work on the case graduated from top law schools; and the key players have at least 8 years, and in some cases more than 20 years, of litigation experience. I am a 1998 graduate from Harvard Law School. Mr. Gutride is a 1994 graduate from Yale Law School. Ms. McCrary is a 2008 graduate from New York University Law School. Hayley Reynolds is a 2015 graduate from University of California, Hastings College of Law. The

background and qualifications of each of the other GSLLP attorneys who did substantive work on the case is provided in the firm resume attached as Exhibit 1.

40. Mr. Gutride and I were previously attorneys at the law firm of Orrick Herrington & Sutcliffe. It is my understanding that attorneys at that firm in the litigation departments, with the same number of years of experience as myself and Mr. Gutride are currently billing at hourly rates in excess of $1,200 for law school graduates from 1994 and 1998. Similarly, the billing rates of Mr. McCrary, Ms. McCrary, Mr. Raab, Ms. Reynolds, and Mr. Thairani would all be higher had they remained at their prior firms, which include Baker & Mckenzie, Quinn Emanuel, Dorsey & Whitney, O'Melveny & Myers, and Latham & Watkins. I believe that my firm's hourly rates are equal to or below market for attorneys with similar backgrounds and experience.

41. Expenses are accounted for and billed separately and are not duplicated in GSLLP's professional billing rate. GSLLP has not received reimbursement for expenses incurred in connection with this litigation. At the time of filing the Plaintiffs' Motion for Attorneys' Fees, Costs and Incentive Awards has incurred a total of $69,298.60 in unreimbursed third-party expenses in connection with the prosecution of the *Marek* Action. The expenses incurred in the prosecution of these cases are reflected on the computerized accounting records of my firm prepared by bookkeeping staff, based on receipts and check records, and accurately reflect all expenses incurred. We anticipate additional expenses not yet invoiced or paid, including expenses for data storage, further research, and additional postage. We additionally anticipate receiving a refund on certain expenses. An accounting of all expenses is attached as **Exhibit 2**.

D. **Incentive Awards to Plaintiffs**

42. Plaintiffs are requesting Incentive Awards of $5,000.00 for each named Plaintiff and $2,500 for the non-named engaged clients. Plaintiffs took on substantial risk, most importantly the risk of publicity and notoriety and the risk of bearing Defendant's costs should the litigation have been ultimately unsuccessful. Plaintiffs stayed in contact and worked with GSSLP throughout more than two years of litigation during which they provided assistance that enabled GSLLP to successfully prosecute this litigation and reach a settlement, including locating and forwarding responsive documents and information, and responding to written discovery. The non-

named engaged clients are clients from all over the country who would have joined the Litigation in order to obtain nationwide relief. They bore similar risks of publicity and notoriety and would have been subject to discovery obligations had the case proceeded. Plaintiffs participated and helped obtain relief for the entire Class even though their individual damages were relatively modest and they had little to gain. In my opinion, Plaintiffs' participation in this litigation has been exemplary.

      I declare under penalty of perjury under the laws of the United States that the foregoing is true of my own personal knowledge.

      Executed at San Francisco, California, this 14th day of April 2023.

                                         */s/Seth A. Safier/s/*
                                         Seth A. Safier, Esq.