**GUTRIDE SAFIER LLP**
SETH A. SAFIER (State Bar No. 197427)
MARIE A. MCCRARY (State Bar No. 262670)
HAYLEY REYNOLDS (State Bar No. 306427)
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER MAREK, ISABELLE DWIGHT, DARREN WILLIAMS, JENNIFER GANNON, EVVIE EYZAGUIRRE, BRANDI FIKE, LANCE WALDRON, JESSICA TEMPEST, and VIVIAN NOGUERAS, as individuals, on behalf of themselves, the general public and those similarly situated,<br><br>    Plaintiffs,<br><br>        v.<br><br>MOLSON COORS BEVERAGE COMPANY USA LLC and MOLSON COORS BEVERAGE COMPANY,<br><br>    Defendants. | CASE NO. 21-cv-07174-WHO<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>MOTION HEARING<br><br>DATE:      July 12, 2023<br>TIME:      2:00pm |

-1-

1

2

## Table of Contents

I.      INTRODUCTION .................................................................................................1

II.     SUMMARY OF SETTLEMENT ..........................................................................1

III.    ARGUMENT ........................................................................................................2

      A.      The Settlement Is Fair, Adequate, and Reasonable.......................................2

      B.      Class Notice Was Reasonable and Adequate as Are
            the Number of Claims. ...................................................................................3

      C.      The Positive Response of the Class to the Settlement Strongly Supports
            Final Approval. ..............................................................................................4

IV.     CONCLUSION .....................................................................................................5

Plaintiffs' Reply iso Motion for Approval of Class Settlement, Case No. 21-cv-7174-WHO

1

2       **I.       INTRODUCTION**

3               Pursuant to the Notice Plan, Class Notice was provided via a settlement website adminis-

4       tered by Angeion. The Notice Program included print advertisements, internet advertisement, a

5       press release, a sponsored blog post, use of a social media influencer, and a toll free information

6       line. The settlement website has been viewed over 4 million times, over 587,000 potentially valid

7       claim forms were submitted, and all Class Members that submitted a valid form will receive com-

8       pensation. Further, only 118 Class Members opted out, and no objections were filed. Reply

9       Weisbrot Dec. ¶¶ 25, 26. This positive response weighs strongly in favor of final approval of the

10      settlement. *See In re: Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (low number

11      of objectors and opt-outs supported finding that settlement was "fair, adequate and reasonable");

12      *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (same); *Vasquez v. Kraft Heinz*

13      *Foods Co.*, No. 3:16-cv-2749-WQH-BLM, 2020 U.S. Dist. LEXIS 57272, at *18-19 (S.D. Cal.

14      Apr. 1, 2020) (finding that the settlement is fundamentally "fair, adequate and reasonable" in part

15      because no objections to the settlement were submitted"); *In re Nexus 6P Prods. Liab. Litig.*, No.

16      17-cv-02185-BLF, 2019 U.S. Dist. LEXIS 197733, at *32 (N.D. Cal. Nov. 12, 2019) (finding that

17      a positive response from class members, as evidenced by the lack of objections, "confirms that

18      the settlement is fair and reasonable").

19              For the reasons set forth below, Plaintiffs respectfully request that the Court find that the

20      Settlement satisfies Rule 23, and grant final approval of the Settlement.

21      **II.      SUMMARY OF SETTLEMENT**

22              The settlement terms are described more fully in Plaintiffs' Brief in Support of Motion for

23      Approval of Class Action Settlement (ECF 58) and Plaintiffs' Supplementary Brief in Support of

24      Motion for Approval of Class Action Settlement (ECF 64), but Plaintiffs provide a brief summary

25      here for ease of reference.

26              Under the Settlement, Defendant has agreed to cease using the phrase "with antioxidant

27      vitamin C from acerola superfruit" in any Labeling, Primary Packaging, or Secondary Packaging

28      of any hard seltzer product under the brand name "Vizzy" (the "Products"). Defendant shall be

permitted, at its option, to include acerola cherry on the Ingredient Statement on the Product, to call out "acerola cherry" on front of the Product Label, and to list Vitamin C in compliance with FDA requirements on the Nutrition Facts panel.

In addition, Defendant will provide settlement benefits to all Class Members. Class Members will receive five dollars ($5) per 24-pack Unit of the Product purchased; three dollars ($3.00) per 12-pack Unit of the Product purchased; and seventy-five cents ($0.75) per Single Can Unit of the Product purchased for personal use. All claimants that submit a Valid Claim are entitled to a Minimum Cash Payment of $6.00.

Defendant also agreed to pay all costs of notice and administration for the Settlement.

### III.    ARGUMENT

#### A.    The Settlement Is Fair, Adequate, and Reasonable.

At the final approval stage, the primary inquiry is "whether a proposed settlement is fundamentally fair, adequate, and reasonable." *Mego Fin. Corp.*, 213 F.3d at 458. Under Rule 23(e) and this District's Procedural Guidance for Class Action Settlements, searching scrutiny of proposed class settlements occurs up front, at the preliminary stage; the Court must find it will be likely to approve the settlement and certify the Class for settlement purposes before Class Notice is sent. Fed. R. Civ. P. 23(e).

Here, the Court has concluded that the Settlement satisfies both the *Churchill* factors and the Rule 23(e) requirement. It analyzed all Rule 23(e), 23(a)(1)-(4), and 23(b)(3) settlement and certification factors, found that settlement approval and certification would likely be granted, and concluded in its preliminary Rule 23(e) Order that the proposed settlement between the parties is "fair, reasonable, and adequate." Order Granting Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"), ECF 66 at ¶ 8. As the parties demonstrated in their filings in support of preliminary approval, the Settlement easily satisfies all relevant factors under the Federal Rules and Ninth Circuit law. *See* ECF No. 58; *see also In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). Here, in support of final approval of the Settlement, Plaintiff summarizes the substantial benefits of the Settlement and provides an update

regarding the notice program and the overwhelmingly positive response of the Class to the Settlement.

**B.      Class Notice Was Reasonable and Adequate as Are the Number of Claims.**

The notice here was the "best notice that is practicable under the circumstances," Fed. R. Civ. P. 23(c)(2)(B), and was provided "in a reasonable manner to all Class Members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). The notice program included print advertising, online advertising, a social media influencer post, a sponsored blog post on topclassactions.com, and a Settlement Website. Reply Weisbrot Dec. ¶¶ 5-17. The website received over 4 million visits, with over 2.5 million sessions. *Id.* The Notice Plan results exceeded expectations by delivering an approximate 82.14% reach with an average frequency of 3.62 times each. *Id.* ¶¶ 20-21. In practice, this means that 82.14% of our Target Audience saw an advertisement concerning the Settlement an average of 3.62 times each. *Id.*

The claims administrator responded to numerous inquiries regarding the settlement, including calls made to the toll-free number. *Id.* ¶ 19. There were approximately 587,529 potentially valid claims, and only 118 people opted out of the settlement. *Id.* ¶ 23, 25.

Further, pursuant to the Court's direction, Angeion established a toll-free hotline to provide Class Members with responses to frequently asked questions regarding the Settlement and a dedicated website (the "Settlement Website") using which Class Members could receive additional information about the Settlement, file a claim or opt out. *Id.* ¶¶ 18-19. Class Counsel reviewed, tested, and requested changes to the Settlement Website before it went live, including improving the clarity and operation of the claim forms and adding documents to the Important Documents page. Reply Safier Dec. ¶ 4.

Additionally, on January 23, 2023, Angeion served upon the Attorneys General of all states and territories and the Attorney General of the United States a notice of the Settlement consisting of: a copy of the complaint in this action, a notice of the scheduled judicial hearing in this

1  class action, copies of the Settlement, and the proposed notice. *Id*. ¶ 4 & Ex. A. No state officials

2  have provided any comments to the Claims Administrator or Parties. *Id*. The Final Approval

3  Hearing, set for July 12, 2023, is being held more than 90 days after the issuance of the CAFA

4  notice, such that the final approval order may be entered in accordance with CAFA's notice re-

5  quirements if the Court finds that all other requirements are met. 28 U.S.C. § 1715(d).

6
      **C.**    **The Positive Response of the Class to the Settlement Strongly**
7             **Supports Final Approval.**

8        Based on the Claims Administrator review of the records provided by Defendant and the

9  Claims submitted, 587,529 Class Members will receive compensation from the Settlement. Reply

10  Weisbrot Decl. ¶ 23.  Angeion performed a fraud analysis on the 2,511,705 Claim Form submis-

11  sions and identified 587,529 potentially valid claims. *Id*. Angeion will further update the Court on

12  its analysis and the total monetary amount to be paid prior to the July 12 hearing. *Id*. ¶ 24. The

13  number of Class Members receiving benefits and the claims rate is sufficient to approve the set-

14  tlement. *See, e.g.*, *In re Online DVD–Rental Antitrust Litig.*, 779 F.3d 934, 941 (9th Cir.

15  2015) (upholding settlement in which the parties sent direct notice to 35,000,000 class members

16  and received 1,183,444 claims); *Hall v. Bank of Am.*, No. 1:12-cv-22700-FAM, 2014 WL

17  7184039, at *8 (S.D. Fla. Dec. 17, 2014) (holding where, as here, notice satisfies due process,

18  "the number of claims submitted at any particular time is not a relevant factor in evaluating the

19  fairness, reasonableness, or adequacy of the settlement."); *Corzine v. Whirlpool Corp.*, Case No.

20  15-cv-05764-BLF, 2019 U.S. Dist. LEXIS 223341, at *17-18 (N.D. Cal. Dec. 31, 2019) (approv-

21  ing settlement where the number of submitted claim forms (about 18,000) was only about 1.7% of

22  the class, but where the benefits to the class were substantial (an extended warranty and benefits

23
24  up to $150 for Class Members, depending on their situation) and where only 18 objections and

25  199 requests for exclusion (representing 0.017% of the products sold) were received); *Pollard v.*

26  *Remington Arms Co., LLC*, 320 F.R.D. 198, 214-15 (W.D. Mo. 2017) (noting that "[c]ourts

27
28  around the country have approved settlements where the claims rate was less than one percent,"

-4-

because a low claims rate does not mean that notice was not the "best notice practicable" and "does not govern whether the settlement is fair, reasonable, or adequate").

As further evidence of the fairness, adequacy, and reasonableness of this Settlement, there were only 118 Class Members who opted out and **no** objections were filed.  Reply Weisbrot Dec. ¶¶ 25, 26. "A court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it," as is the case here. *Evans v. Linden Research, Inc.*, No. C-11-01078 DMR, 2014 WL 1724891, at *4 (N.D. Cal. April 29, 2014); *see also Spann v. J.C. Penney Corp.*, 211 F. Supp. 3d 1244, 1257 (C.D. Cal. 2016) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."); *Mego Fin. Corp.*, 213 F.3d at 459 (low number of objectors and opt-outs supported trial court's finding that settlement was "fair, adequate and reasonable"); *Hanlon*, 150 F.3d at1027 (upholding approval of settlement where only 971 Class Members, or 0.1% of the class, opted out and only a few objected); *De Leon v. Ricoh USA, Inc.*, No. 18-cv-03725-JSC, 2020 U.S. Dist. LEXIS 56285, at *34 (N.D. Cal. Mar. 31, 2020) (granting final approval where only one Class Member opted out and no objections were received, and noting "Courts have repeatedly recognized that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the Class Members.") (internal quotation marks and citation omitted); *Shin*, 2020 U.S. Dist. LEXIS 19956, at *10 (approving settlement where only one Class Member objected and only three opted out); *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 852 (N.D. Cal. 2010) (holding that "the absence of a negative reaction[] strongly supports settlement" and approving a settlement with an opt-out rate of 4.86% and zero objections).

## IV.   CONCLUSION

As set forth in the Order Granting Preliminary Approval of Class Action Settlement (ECF

-5-

68) and Plaintiffs' Motion, the proposed Class satisfies all requirements of Rule 23 and should be certified. No Class Member argues otherwise. Accordingly, and for the additional reasons stated above, Plaintiff and Class Counsel respectfully request that this Court certify the Class and confirm the appointment of Class Counsel and the Class Representative; and enter final judgment approving the Settlement.

DATED:          June 28, 2023

                                                        /s/ Hayley Reynolds
                                                        **GUTRIDE SAFIER LLP**
                                                        Seth A. Safier (Bar No. 197427)
                                                        seth@gutridesafier.com
                                                        Marie A. McCrary (Bar No. 262670)
                                                        marie@gutridesafier.com
                                                        Hayley Reynolds (Bar No. 306427)
                                                        hayley@gutridesafier.com
                                                        100 Pine Street, Suite 1250
                                                        San Francisco, CA 94111
                                                        Telephone:   (415) 639-9090

                                                        *Attorneys for Plaintiffs*

Plaintiffs' Reply iso Motion for Approval of Class Settlement, Case No. 21-cv-7174-WHO