1  **GUTRIDE SAFIER LLP**
   SETH A. SAFIER (State Bar No. 197427)
2  MARIE A. MCCRARY (State Bar No. 262670)
   HAYLEY REYNOLDS (State Bar No. 306427)
3  100 Pine Street, Suite 1250
   San Francisco, CA 94111
4  Telephone: (415) 639-9090
5  Facsimile:  (415) 449-6469

6  Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER MAREK, ISABELLE DWIGHT, DARREN WILLIAMS, JENNIFER GANNON, EVVIE EYZAGUIRRE, BRANDI FIKE, LANCE WALDRON, JESSICA TEMPEST, and VIVIAN NOGUERAS, as individuals, on behalf of themselves, the general public and those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MOLSON COORS BEVERAGE COMPANY USA LLC and MOLSON COORS BEVERAGE COMPANY, <br><br> Defendants. | CASE NO. 21-cv-07174-WHO <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARDS** <br><br> Date: July 12, 2023 <br> Time: 2:00 pm <br><br> Hon. William H. Orrick |

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................................1

II.   ARGUMENT ..............................................................................................................1

      A.    The Requested Fees Are Reasonable Under the Percentage-of-the-Recovery Method .........................................................................................1

      B.    Lodestar Cross-Check Supports the Requested Fees ....................................2

III.  CONCLUSION ...........................................................................................................5

## I. INTRODUCTION

Pursuant to this Court's Order, Plaintiffs moved on April 14, 2023 for approval of attorneys' fees, costs, and incentive awards. ECF 68 (the "Fees Motion"). As stated in their original motion, Plaintiffs and their counsel have not yet received any compensation for their work on the three consolidated cases or for the out-of-pocket expenses they have incurred. They collectively expended hundreds of hours investigating, litigating, and negotiating to reach successful settlement of the cases.

Plaintiffs' Fees Motion is unopposed, and no objections were submitted to the settlement. Plaintiffs submit this reply in support of their motion, and have included updated lodestar figures in the concurrently filed Reply Declaration of Seth Safier.

As stated in the Fees Motion, Plaintiffs request 26% of the Settlement Fund in fees and $35,000 in incentive awards for Plaintiffs. Plaintiffs also seek 66,785.54 in costs. Plaintiffs' fee request is reasonable under the percentage recovery method for the reasons explained in Plaintiffs' Fees Motion and herein. Further, a lodestar crosscheck, although unnecessary, supports the request. For these reasons Plaintiffs request the Court grant Plaintiffs' Fees Motion.

## II. ARGUMENT

### A. The Requested Fees Are Reasonable Under the Percentage-of-the-Recovery Method

Under Ninth Circuit standards, a District Court may analyze and issue an attorneys' fee award: (1) as a percentage of the total benefit made available to the settlement class, including costs, fees, and injunctive relief; or (2) under the "lodestar" method. *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 784 (9th Cir. 2022); *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) (citing *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295-96 (9th Cir. 1994) ("WPPSS")). District courts have discretion concerning which method to apply in a particular case. *Apple Device*, 50 F.4th at 784. In this case, the more appropriate and reliable method for evaluating the requested fee is the percentage-of-the recovery method. The Ninth Circuit has established a 25% "benchmark" for fee awards, and the factors courts should

consider when deciding whether to adjust that percentage upwards or downwards strongly favor a 26% award in this case.

As discussed in Plaintiffs' Fees Motion, the factors courts consider when examining the percentage requested are: "(1) the result achieved; (2) the risk involved in the litigation; (3) the skill required and quality of work by counsel; (4) the contingent nature of the fee; and (5) awards made in similar cases." *Larsen v. Trader Joe's Co.*, No. 11-cv-05188-WHO, 2014 U.S. Dist. LEXIS 95538, at *28-29 (N.D. Cal. July 11, 2014) (citing *Vizcaino*, 290 F.3d at 1048-50); *see also In re Apple Inc. Device Performance Litig.*, 2023 WL 2090981, at *13-16 (N.D. Cal. Feb. 17, 2023) (applying the same factors).

Here, the factors support Plaintiffs' request for 26% of the fund. First, the results are favorable to the Class. The Cash Payment for Valid Claims exceeds, on a per-Unit basis, the payments that the Class would be awarded if Plaintiffs were successful at trial: a Settlement Class Member who purchased one 12-pack Unit at $16.99 would be eligible for only $1.87, but under the Settlement the same individual will receive $6.00 (the Minimum Cash Payment). *See* Fees Motion at 4. The risks of further litigation are significant considering Plaintiffs' burden of proof both at class certification and at trial. *See id*. 4-5. The quality of work by Class Counsel led to significant benefits for the class, and Counsel's work is contingent-fee class actions, meaning that Counsel expended over 850 hours of work with no guarantee of compensation. Finally, fee awards in similar cases support Plaintiffs' fee request. *See*, *e.g.*, *Larsen*, 2014 U.S. Dist. LEXIS 95538, at *30 (approving fee request of 28% in food labeling class action). Indeed, 26% is well within the range of what is commonly awarded in class actions.

Thus, all five factors weigh in favor of Plaintiffs' request for 26% of the fund.

**B.  Lodestar Cross-Check Supports the Requested Fees**

The use of the lodestar cross-check is not mandatory, and the Ninth Circuit "has consistently refused to adopt a crosscheck requirement." *Farrell v. Bank of Am. Corp., N.A.*, 827 F. App'x 628, 630 (9th Cir. 2020); *see also Senne v. Kan. City Royals Baseball Corp.*, No. 14-cv-00608 JCS, 2023 U.S. Dist. LEXIS 54274, at *61 (N.D. Cal. Mar. 29, 2023) ("a cross-check is not required so long as the court achieves a reasonable result using the method it selects"). In other

-2-
Plaintiffs' Reply iso Mtn for Fees, Costs, and Incentive Awards Case No. 21-cv-7174-WHO

words, "a cross-check is discretionary." *Apple Device*, 50 F.4th at 784. And as one court observed, "[a]lthough modification of a fee award based on a lodestar cross-check may serve some utility in cases at the fringes, routine recourse to it threatens to swallow the benefits that the percentage-of-the-fund method provides . . . ." *In re NCAA Ath. Grant-In-Aid Cap Antitrust Litig.*, No. 4:14-md-2541-CW, 2017 U.S. Dist. LEXIS 201108, at *23 (N.D. Cal. Dec. 6, 2017).

Although unnecessary, application of a lodestar cross-check confirms the reasonableness of the requested fee award. Plaintiffs request the payment of attorneys' fees and expenses in the amount of $2,500,000.00. As of April 14, 2023, Class Counsel's lodestar was approximately $852,018.00. *See* ECF 68 at 7. Since that time, Class Counsel has incurred additional fees of approximately $37,609, resulting in a current lodestar of approximately $889,627.00. Reply Safier Decl. ¶ 5.

As with approving a class action settlement, the Court's role in evaluating Class Counsel's fee request is to determine whether the amount requested is "fundamentally fair, adequate, and reasonable." *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003) (quoting Fed. R. Civ. P. 23(e)). Class Counsel's requested fees and costs—all of which will be paid in addition to the benefits available to the Class—easily meet this standard for all the reasons set forth in Plaintiff's Fees Motion. *See* ECF 68.

Dividing the requested fee award by Class Counsel's current lodestar results in a multiplier of about 2.8, which is well within the range commonly awarded in comparable cases. *See e.g., Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 n.6 (9th Cir. 2002) (granting a multiple of 3.65 and noting that multipliers of one to four are frequently awarded). *See also Vizcaino*, 290 F.3d at 1051 n.6 (granting a multiple of 3.65 and noting that multipliers of one to four are frequently awarded); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 369 (S.D.N.Y. 2002) (4.65 multiplier); *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 489 (S.D.N.Y. 1998) (3.97 multiplier: "In recent years multipliers of between 3 and 4.5 have become common."); *In re RJR Nabisco Sec. Litig.*, MDL No. 818, 1992 U.S. Dist. LEXIS 12702, at *15-*23, (S.D.N.Y. Aug. 24, 1992) (6.0 multiplier); *In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393, 399 (S.D.N.Y. 1999) (2.5 multiplier); *In re Combustion, Inc.*, 968 F. Supp. 1116 (W.D. La. 1997) (3.0

multiplier); *Van Vraken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995) (3.6 multiplier); *Rabin v. Concord Assets Group*, No. 89 Civ 6130, 1991 U.S. Dist. LEXIS 18273, at *2, (S.D.N.Y. Dec. 19, 1991) (4.4 multiplier: "multipliers of between 3 and 4.5 have been common"); *Behrens v. Wometco Enters. Inc.*, 118 F.R.D. 534, 549 (S.D. Fla. 1988) ("[T]he range of lodestar multipliers in large and complicated class actions runs from a low of 2.26 to a high of 4.5."); *In re Cenco, Inc. Sec. Litig.*, 519 F. Supp. 322, 327 (N.D. Ill. 1981) (4.0 multiplier); *Arenson v. Bd. of Trade*, 372 F. Supp. 1349, 1359 (N.D. Ill. 1974) (4.0 multiplier).

Should the Court deem any of the requested costs to not be reimbursable, Plaintiffs requests that the Court increase the attorneys' fee award such that the net amount of $2,500,000.00 in Attorneys' Fees and Costs provided via the Settlement Agreement is awarded. Plaintiffs note that additional attorney fees will continue to be incurred until the ultimate conclusion of this matter.

The requested award of fees and costs is more than justified given the quality of the work, and most importantly, the results achieved. *See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) (the relief obtained for the class is the single most important factor in evaluating the reasonableness of a requested fee). The Class agrees, as not a single Class Member objected to the Settlement. *See De Leon*, 2020 U.S. Dist. LEXIS 56285, at *43 (noting the fee award was "further supported by the lack of any objections to the settlement amount or the requested attorneys' fees").

Finally, the modest incentive award request for the Class Representatives—to be paid by Defendant in addition to the Class compensation—is likewise reasonable. *See In re Wells Fargo & Co. S'holder Derivative Litig.*, No. 16-cv-05541-JST, 2020 U.S. Dist. LEXIS 63631, at *59 (N.D. Cal. Apr. 7, 2020) ("An incentive award of $5,000 is presumptively reasonable ...."); *Hayes v. MagnaChip Semiconductor Corp.*, No. 14-cv-01160-JST, 2016 U.S. Dist. LEXIS 162120, at *30 (N.D. Cal. Nov. 21, 2016) ("In this Circuit, an award of $5,000 is presumptively reasonable.").

//

//

### III.     CONCLUSION

For the foregoing reasons, Class Counsel asks this Court to grant this application for an award of $5,000 each for Plaintiffs Marek, Dwight, Williams, Gannon, and Eyzaguirre and $2,500 each for Plaintiffs Fike, Waldron, Tempest, and Nogueras; $2,500,000 in attorneys' fees; and $66,785.54 in costs incurred in this Litigation to be paid by from the Settlement Fund in accordance with the Settlement Agreement.

DATED:     June 28, 2023

/s/ Hayley Reynolds
**GUTRIDE SAFIER LLP**
Seth A. Safier (Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (Bar No. 262670)
marie@gutridesafier.com
Hayley Reynolds (Bar No. 306427)
hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:  (415) 639-9090

*Attorneys for Plaintiffs*